453 So.2d 854 (1984)
RELIANCE INSURANCE COMPANY and Bob Salmon, Inc., Appellants,
v.
MARYLAND CASUALTY COMPANY, B.A.T. Pipeline, Inc. and Sean Franklin Kingman, Appellees.
Nos. 83-1616, 83-2725.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied August 9, 1984.
*855 Scott N. Richardson of Magill, Reid & Lewis, P.A., West Palm Beach, for appellants.
Rosemary Cooney of Paxton, Crow, Bragg & Austin, P.A., West Palm Beach, for appellees.
DELL, Judge.
This appeal arises out of a coverage dispute between Reliance Insurance Company (Reliance) and Maryland Casualty Company (Maryland) in which the trial court entered summary judgment in favor of Maryland.
Appellant Bob Salmon, Inc. (Salmon) owned an automobile covered by a policy of insurance issued by Reliance. Salmon leased this automobile to appellee B.A.T. Pipeline, Inc. (BAT) by oral agreement. BAT had automobile coverage with appellee Maryland. Appellee Kingman, an employee of BAT, while driving the automobile during the course and scope of his employment, was involved in an accident causing personal injuries. The injured person sued the parties to this appeal who in turn cross-claimed against each other.
Each cross-claim asserted that the other's policy provided primary insurance coverage and requested indemnification. Reliance concedes that its coverage is primary to the extent of the minimum coverage required by the Financial Responsibility Law ($10,000) but insists that Maryland's policy covers amounts in excess of $10,000. Maryland claims that Reliance's primary coverage extended to the full limit of its policy.
The parties do not dispute the facts. The only question presented concerns the proper interpretation of Section 627.7263, Florida Statutes (1981);
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
Reliance contends that the last sentence of subsection (1) requires the lessor to provide primary coverage for only $10,000, the minimum amount of liability insurance required by sections 324.021(7) and 627.736, Florida Statutes.
Section 627.7263, Florida Statutes (Supp. 1976), provided that the lessee's insurance would be primary unless shifted to the lessor by the means set forth in subsection (2) thereof. Chapter 77-468, Laws of Florida amended this section to its current form, providing for the lessor to supply the primary coverage unless the burden is properly shifted. We construe this statute as an attempt by the legislature to make certain that in a lease situation, one of the parties will be responsible for compliance with the personal injury protection coverage as required by Section 324.021(7), Florida Statutes, and the financial responsibility requirements of 627.736.
We join with the Second District Court of Appeal in Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982), in its conclusion that
Once the requirements of the statute are satisfied by requiring the lessor to be responsible up to the limits of the financial responsibility law, or to properly shift the burden, the parties are free to *856 contract between themselves as to any additional responsibility.
Id. at 45.
The plain language of the statute simply does not support Maryland's contention that Reliance's coverage is primary to the full extent of its policy limits. The statute clearly states: "Such insurance shall be primary for the limits and liability of personal injury protection as required by Section 324.021(7) and 627.736." (emphasis added) Therefore, we hold that Reliance has primary liability under Section 627.7263, Florida Statutes, limited to $10,000 and accordingly we reverse the final summary judgment in favor of Maryland and remand with directions to enter summary judgment in favor of Reliance.[1]
REVERSED and REMANDED.
HURLEY and WALDEN, JJ., concur.
NOTES
[1] We recognize that our decision conflicts with Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984).