455 So.2d 506 (1984)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Allen L. FOWLER, Enterprise Leasing Company, Inc., and Travelers Insurance Company, and Kendra Morrison, Appellees.
No. AW-219.
District Court of Appeal of Florida, First District.
August 15, 1984.
Rehearing Denied September 19, 1984.
Harris Brown, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellant.
William S. Burns, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for Travelers Insurance Company, appellee.
BARFIELD, Judge.
Allstate Insurance Company appeals a final summary judgment entered on behalf of Travelers Insurance Company. The issue on appeal is the proper method of determining priority among insurers where the insureds are different entities.
In April of 1982, Allen Fowler was struck while riding his motorcycle by a vehicle operated by Kendra Morrison and leased from Enterprise Leasing Company. Mr. Fowler brought an action for his personal injuries. Allstate Insurance Company, Ms. Morrison's insurer through a policy issued to her parents, brought a declaratory judgment action to determine priority of coverages. It is from a summary judgment adverse to Allstate in that action that this appeal was taken. We reverse and remand for further proceedings.
There were three insurance policies in issue. The first is a business automobile policy issued by Travelers to Enterprise with a policy limit of $10,000. Because that policy did not comply with section 627.7263, Florida Statutes (1981), the court found that this policy must provide the first layer of coverage. This finding is not appealed. The only issue is the priority of the two remaining policies.
Allstate does not dispute that its policy, which provides $250,000 bodily injury coverage per person, insures Ms. Morrison; rather, its argument is based on policy language:
If a person insured is using a substitute private passenger auto or non-owned *507 auto, our liability insurance will be excess over other collectible insurance.
The third policy is one issued by Travelers to Enterprise for excess liability to a limit of $500,000. This policy contains no language concerning its relation to other insurance. Travelers relies on the fact that it insures only Enterprise, which would be held vicariously liable to Mr. Fowler under Florida's dangerous instrumentality doctrine, to support its claim that the Allstate policy should provide the second layer of coverage.
Allstate moved for summary judgment. The court denied the motion, relying on Hartford Accident & Indemnity Co. v. Kellman, 375 So.2d 26 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 755 (Fla. 1980) and Insurance Co. of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977). Travelers countered with its own motion for summary judgment, which was granted.
The controlling principle in this cause is that if Enterprise is only vicariously liable to Fowler because of the dangerous instrumentality doctrine, its insurer is entitled to be subsequent in coverage to that of the negligent driver regardless of policy language. If, however, Enterprise was in any way negligent, it would be a joint tortfeasor and "in the same class" with Morrison, and policy terms would control. Since there was no finding regarding the nature of Enterprise's liability, the summary judgment entered for Travelers was improper.
Florida case law on this question is confusing, at the very least. In INA v. Avis, supra, the Florida Supreme Court held that the parties were free to contract among themselves to determine priorities of coverage and ruled that policy language controlled. We note, however, that the dispute was between insurers whose insureds were both apparently vicariously liable only (the tortfeasor's employer and the lessor of the vehicle). The opinion is not explicit as to whether contract terms apply only where insureds are "in the same class" (i.e., joint tortfeasors or both vicariously liable or the same insured), but we believe it should be properly so restricted. Hartford v. Kellman, supra, by contrast, cited the correct rule but applied it to an inappropriate factual circumstance (all policies covered the same individual). Other Florida cases involved insurers who insured the same individuals or those in the same class, and are not dispositive of the question presented by this appeal.
Other jurisdictions have noted the proper rule of law to be applied where one insurer insures an active tortfeasor and the other insures one who is only vicariously liable:
... An insurer providing extended coverage is ultimately liable as against an insurer providing coverage only to the named insured, where the named insured's liability is vicarious only, and that named insured has a right of recovery over against the person or persons primarily liable, to whom coverage has been extended only by the extended coverage provision of the first insurer.
Pacific Employers Insurance Co. v. Hartford Accident & Indemnity Co., 228 F.2d 365, 371 (9th Cir.1955), cert. denied, 352 U.S. 826, 77 S.Ct. 38, 1 L.Ed.2d 49 (1956). The purpose of the rule is to avoid circuity of action, Dairyland Insurance Co. v. Concrete Products Co., 203 N.W.2d 558, 564-65 (Iowa 1973). See also Barrois v. Service Drayage Co., 250 So.2d 135 (La. Ct. App.), application denied, 259 La. 805, 253 So.2d 66 (1971); United States Fire Insurance Co. v. National Union Fire Insurance Co., 107 Cal. App.3d 456, 165 Cal. Rptr. 726 (1980); Maryland Casualty Co. v. New Jersey Manufacturers (Casualty) Insurance Co., 48 N.J. Super. 314, 137 A.2d 577 (App.Div.), aff'd, 28 N.J. 17, 145 A.2d 15 (1958).
The cases cited above all rely on proven or stipulated facts that the insured party was only vicariously liable and therefore entitled to indemnity. Here, Allstate correctly points out that Enterprise's right to indemnity has not been proven and suggests that Enterprise may have been negligent in leasing the vehicle to Ms. Morrison. If Enterprise was negligent and its negligence was a proximate cause of Fowler's *508 injuries, it would not be entitled to indemnity under Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). Rather, in such a case Enterprise and Morrison would be joint tortfeasors as to Fowler and in the same class and the terms of the policies would control under the rationale of INA v. Avis, supra.
In order to prevail on its theory, Travelers must prove that its insured was not negligent and its liability to Fowler vicarious only. This is obviously a question of fact and precludes the granting of summary judgment in this case. The adjudication of this fact question, however, is possible in this declaratory judgment action. In noting that Enterprise's complaint did not plead its right to indemnity, we believe the avoiding of circuity of action would be appropriate and all matters should be disposed of in this single action.
The summary final judgment is REVERSED and the case REMANDED for pleadings and proof on the issue of whether Enterprise's liability to Fowler is solely vicarious.
We recognize the apparent conflict between this decision and Sentry Insurance Co. v. Aetna Insurance Co., 450 So.2d 1233 (Fla. 2d DCA 1984). That case involved a dispute between Aetna and Sentry over who would provide the second layer of insurance in a $91,500 settlement. Aetna insured the vehicle involved, while Sentry provided excess insurance for the driver's employer. Travelers, who insured the driver, conceded that it provided the first layer and paid its policy limits, and was not a party to the appeal.
The Second District discussed Hartford v. Kellman, supra, at length and declined to follow it on three grounds: the result relied on by the parties was dictum; the factual distinction; and simply refusing to follow it. It relied on INA v. Avis, supra, and instructed the trial court to decide the issue based on provisions in the two policies.
We believe that the Sentry v. Aetna, supra, opinion misses the controlling rule of law, as did the Hartford v. Kellman, supra, court. Sentry alleged that Aetna's policy insured the negligent driver, while Sentry insured her (vicariously liable) employer. If this allegation were true, it would appear that Sentry was entitled to summary judgment under the rationale expressed in Pacific Employers, supra, and the other cases cited herein.
We certify the following question as being one of great public importance:
Is the controlling law of Florida that if a party is only vicariously liable by way of the dangerous instrumentality doctrine, its insurer is entitled to follow that of the negligent driver regardless of policy language?
THOMPSON and NIMMONS, JJ., concur.