470 So.2d 21 (1985)
EXECUTIVE CAR AND TRUCK LEASING, INC., and Industrial Indemnity Insurance Company, Appellants,
v.
Alberta DeSERIO, Individually, Edythe Hopewell, Etc., et al., Appellees.
No. 84-119.
District Court of Appeal of Florida, Fourth District.
May 1, 1985.
Rehearings Denied June 24, 1985.
*22 Lloyd J. Heilbrunn and Brian C. Powers of Powers & Flanagan, West Palm Beach, for appellants.
Richard A. Sherman of Law Offices of Richard A. Sherman, Fort Lauderdale, and Eric A. Peterson, Peterson & Fogarty, West Palm Beach, for appellees, Commercial Union Ins. Co. and Action Bolt & Tool Co.
Michael B. Davis of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellee, Allstate Ins. Co.
BARKETT, Judge.
Appellants challenge a judgment determining the order of responsibility for payment among multiple liability insurers in a suit for personal injuries arising out of an automobile accident. The pertinent entities may be grouped as follows:
(1) Executive Car and Truck Leasing, Inc. (Executive), owner and lessor of the motor vehicle in question, insured by Industrial Indemnity Insurance Company (Industrial) with a policy for $500,000 underlying coverage and $5,000,000 umbrella coverage;
(2) Action Bolt and Tool Company (Action), lessee of the motor vehicle in question,[1] insured by Commercial Union Insurance Company (Commercial) with a policy for $1,000,000 underlying coverage and $20,000,000 umbrella coverage; and
(3) Mendelsohn, the permissive user and driver of the subject vehicle, insured by Allstate Insurance Company (Allstate) with primary coverage in the amount of $100,000.
Action loaned the subject vehicle to its employee Mendelsohn. While driving the subject automobile, Mendelsohn was involved in an automobile accident with Alberta DeSerio in which DeSerio was injured and Mendelsohn was killed. DeSerio sued all of the parties listed above and ultimately recovered damages in the amount of $1,200,000. Cross-claims for declaratory relief regarding the priority of insurance coverage had been filed by the various defendants and the trial court determined the order of responsibility among the insurers as follows:
(1) Industrial Indemnity Company would provide primary coverage up to its policy limits of $500,000;
(2) Industrial Indemnity Company would provide the secondary level of coverage under its umbrella coverage up to its limits of $5,000,000;
(3) The Allstate Insurance Company policy of $100,000 and the Commercial Union Insurance policy of $1,000,000 would provide the third level of coverage on a prorata basis; and
(4) Commercial Union Insurance Company would provide the fourth level of coverage up to its limits of $20,000,000.
Executive and Industrial appeal the order of responsibility determined by the trial judge.
Appellants concede that it is their statutory obligation to provide primary insurance coverage, but argue that the lease agreement between Executive and Action shifts that duty to Action and thus to its insurance carrier, Commercial. Section 627.7263(1), Florida Statutes (1983), provides:
The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss 324.021(7) and 627.736 [emphasis added].
*23 Appellants contend that although there was no statement in bold type on the face of the rental or lease agreement purporting to shift this primary responsibility, the language of the agreement is clear in its intent to do so, rendering the requirement of bold type unnecessary. Alternatively, appellants argue that even if they are found to be primarily responsible, the statute specifically limits their responsibility to $10,000, the statutory limit of the Financial Responsibility Law. This issue has already been determined by this court and by the second district in Reliance Insurance Company v. Maryland Casualty Company, 453 So.2d 854 (Fla. 4th DCA 1984), and Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982). In accordance therewith we find that Industrial has the primary coverage, but only to the extent of $10,000.
We must then decide which insurance policy comes next as between the owner/lessor (Industrial), the lessee (Commercial), and the negligent user (Allstate). The supreme court appeared to address this issue in Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla. 1972). In that case, the court held that as between the insurance companies of the owner/lessor, the lessee/bailor, and the bailee/permissive user, the owner/lessor's insurer must bear the primary coverage burden. The court based its decision on its holding in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959) (which did not involve insurance coverage but merely held that an automobile rental company would not be relieved of liability under the dangerous instrumentality doctrine when the automobile had been operated in contravention of the lease agreement) and on the fact that the lessee had paid a premium pursuant to the lease for insurance coverage by the owner/lessor's insurance company. The supreme court found this coverage inured to the lessee's permittee.
In 1976, four years after the supreme court's ruling in Roth, the legislature amended the state's Financial Responsibility Law by decreasing the amount of liability insurance an owner of a motor vehicle must carry to $10,000. See section 324.021(7), Florida Statutes (1983). Then in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149, 1154 (Fla. 1977), the supreme court, after extensively discussing Roth, modified or clarified its holding in Roth, stating:
The underlying policy of the statute is satisfied once the law's minimum financial protection is provided to injured members of the public. Neither this statute nor the dangerous instrumentality doctrine asserts any interest of the state with respect to the allocation of risk among commercial enterprises or the responsibility of commercial enterprises to furnish more than minimal statutory coverage to their customers... . or on the right of indemnification which derives from the common law principle that fault attracts primary responsibility.
Id. at 1153. The well-settled general principle of law is that one who is only vicariously liable is entitled to indemnification from an active tortfeasor. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). It is also established that parties may agree to the allocation of liability. Truck Discount Corporation v. Serrano, 362 So.2d 340, 343 (Fla. 1st DCA 1978). In this case, the active tortfeasor, Mendelsohn, who is Allstate's insured, had no agreement for the allocation of liability with either the lessee or the owner/lessor. Accordingly, the driver's insurance policy with Allstate should be exhausted next. This court recently followed these principles in Chicago Insurance Company v. Soucy, 9 F.L.W. 2485 (Fla. 4th DCA Nov. 28, 1984), wherein the insurance of a negligent permissive user was deemed to be prior to an owner's excess policy. The court reasoned that:
Under the common law one who is only technically or vicariously liable for damages to another is entitled to indemnity from the direct or active tort-feasor. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). This rule is predicated on notions of fairness that the *24 one who actually causes the damages should be the one who actually has to pay. Similarly, it would seem that the insurer of one who is only vicariously liable would be entitled to indemnity from one who insures an active tort-feasor. In Allstate Ins. Co. v. Fowler, [455 So.2d 506] (Fla. 1st DCA 1984), the First District held that the proper method for assessing responsibility among insurers where the insureds are different entities should be predicated on the common law rule set out above. In Fowler, as here, the trial court had relied on Hartford v. Kellman, supra. Nevertheless the First District determined that the controlling principle should be that if the owner is only vicariously liable because of the dangerous instrumentality doctrine, then his insurer should be entitled to be subsequent in coverage to the insurer of the negligent driver. If, however, the owner of the vehicle was in any way negligent, then he would be a joint tort-feasor and his insurer would not be entitled to indemnity or favored status. We agree with this analysis by our sister court. Federal jurisdictions have also followed the common law rule of indemnity where one insurer insures an active tort-feasor and the other insures one who is only vicariously liable. Pacific Employers Ins. Co. v. Hartford Accident & Indemnity Co., 228 F.2d 369 (9th Cir.1955), cert. denied, 352 U.S. 826 [77 S.Ct. 38, 1 L.Ed.2d 49] (1956).
Id. at ___. Because the owner and the lessee are only vicariously liable, their insurers should be subsequent in coverage to the separate insurer of the negligent driver.
To determine the third level of insurance as between the owner/lessor and the lessee we must consider the lease agreement between Executive and Action. The pertinent provisions in the lease are as follows:
9. (Lessee) agrees at its expense to procure, keep and maintain in force on said motor vehicle during the term of this lease with Commercial Union Public Liability Insurance in the sum of not less than $100,000.00/300,000.00 ... subject to the terms, provisions, and conditions of its motor vehicle liability insurance policy in use for fleets of rental motor vehicles for the benefit and protection of the Owner and Lessee as their respective interests may appear... .
10. In the event of loss or damage to said motor vehicle occasioned by the negligence of the Lessee, his agents, servants or employees, Lessee will pay to the Owner the amount of such loss or damages so sustained to the extent that same is not covered by said insurance, and will indemnify and save the Owner harmless from or on account of all liability claimed or asserted against the Owner by reason of such negligent use or operation of said motor vehicle, and Lessee does hereby agree to reimburse Owner for all damages it may sustain or become obligated to pay by reason thereof to the extent that the same are not covered and paid for out of the proceeds of such insurance.
Thus, the parties have agreed that the lessor is to be completely indemnified by the lessee (except for its statutory responsibility of $10,000 as discussed earlier). Accordingly, Industrial, the lessor's insurance company, should not have to pay until both of Commercial's policies (primary and excess) are exhausted.
Accordingly, we affirm in part, reverse in part, and remand to the trial court for the entry of a judgment which allocates the responsibility for coverage as follows:
(1) Industrial Indemnity Company in the amount of $10,000;
(2) Allstate Insurance Company in the amount of $100,000;
(3) Commercial Union Insurance Company's primary policy in the amount of $1,000,000;
(4) Commercial Union Insurance Company's excess policy in the amount of $20,000,000;
(5) Industrial Indemnity Company's primary policy in the amount of $500,000;

*25 (6) Industrial Indemnity Company's excess policy of $5,000,000.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] The lease was actually with Lake Park Industrial Supply. Action Bolt and Tool Company was the successor in interest to Lake Park Industrial Supply.