SCHWARTZ, Chief Judge.
This case presents the now familiar problem of[1] resolving the rights of the respective liability insurers of the driver-lessee and the owner-lessor of a Florida rental vehicle. On September 8, 1980, a Canadian citizen, Mark Cole, who was insured by a standard State Farm automobile policy issued in Ontario, rented a car in Miami from Holiday Rent-A-Car, which is operated by Interamerican Car Rental, Inc. The rental company was covered by a $300,000 policy issued by Southeastern Fidelity which insured both Holiday and, as additional insureds, the individual operators of its vehicles. Both policies provided that they were “excess” only with respect to non-owned vehicles. Cole was' involved in a serious accident while driving the Holiday car and Southeastern thereupon sued him and his insurer for a declaratory judgment that State Farm provided primary coverage. The record showed that while Holiday attempted to comply with sec. 627.-7263, Fla.Stat. (1979)[1] its efforts were defective in the respects outlined in Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216 (Fla. 3d DCA 1982). Accordingly, the trial court summarily held and Southeastern agrees that it provides primary coverage under sec. 627.7263(1) for the first $10,000 of liability coverage which is statutorily required by sec. 627.736. The judgment also provided, however, that State Farm’s coverage followed the $10,000 limits and that the remainder of Southeastern’s liability coverage applied only after the exhaustion of State Farm’s. We agree with State Farm’s present challenge to the latter ruling and determine that Southeastern provides primary coverage to the entire extent of its liability limits.
Of the decidedly non-uniform Florida decisions in this field, we conclude that Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984) embodies a correct analysis of the legal situation before us and therefore follow its holding. In our view, Sunshine Dodge properly recognizes both (a) the binding effect of the provisions of the respective policies of the lessor and the lessee-driver, see Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977), and (b) the rule that an insurer, such as the appellee Southeastern, cannot seek *927 to relieve itself of responsibility within its coverage as against one of its own insureds. Ray v. Earl, 277 So.2d 73 (Fla. 2d DCA 1973), cert. denied, 280 So.2d 685 (Fla.1973). In contrast, Reliance Ins. Co. v. Maryland Casualty Co., 453 So.2d 854 (Fla. 4th DCA 1984), review granted (Fla. Case no. 65-873) [10 FLW April 5, 1985], incorrectly overlooks the former consideration, and both the majority and the specially concurring opinions in Allstate Ins. Co. v. Value Rent-A-Car of Florida, Inc., 463 So.2d 320 (Fla. 5th DCA 1985) ignore the latter doctrine and the fact that it applies even when, as here and in Value Rent-A-Car, the negligent driver is an additional insured under the policy secured by the owner-lessor. Compare Allstate Ins. Co. v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984) (contrary rule when active tortfeasor is not insured under policy of one only vicariously responsible) and American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979) (same); but cf. also Executive Car and Truck Leasing, Inc. v. DeSerio, 470 So.2d 21 (Fla. 4th DCA 1985); Chicago Ins. Co. v. Soucy (Fla. 4th DCA Case no. 83-2016, opinion filed, November 28, 1984) [9 FLW 2485].
Finally, we do not understand — as Southeastern seems to argue and Reliance Ins. Co. and DeSerio seem to indicate—why the failure of the lessor and its insurer successfully to invoke sec. 627.7263 as interpreted in Guemes so as to shift from the lessor’s to the driver’s carrier the statutorily-provided primary responsibility for coverage within the $10,000 limits should have any effect upon either the statutory obligation or the effect of the applicable policies. As we have noted, both state that they are excess policies only as to non-owned vehicles with the result that the vehicle owner’s policy provides primary and the driver’s only excess or secondary coverage. Indeed, this is the virtually universal rule in this common legal situation. Fidelity & Casualty Co. of New York v. Cope, 444 So.2d 1041 (Fla. 2d DCA 1984); 7A Am.Jur.2d Automobile Insurance § 432 n. 48 (1980). Since there is no statutory or contractual reason for confining the application of this principle to the $10,000 statutory requirement, or to any limits other than those stated in the owner’s policy, we direct that, on remand, Southeastern’s coverage be declared to be primary to the full extent of its liability limits.
Affirmed in part, reversed in part.
FERGUSON, J., concurs.

. The statute provides:
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor’s insurance is not to be primary.