478 So.2d 1068 (1985)
MARYLAND Casualty Co., et al., Petitioners,
v.
Reliance Insurance Co., et al., Respondents.
No. 65873.
Supreme Court of Florida.
November 27, 1985.
*1069 Rosemary Cooney of Paxton, Crow, Bragg and Austin, West Palm Beach, for petitioners.
R. Fred Lewis of Magill and Lewis, Miami, for respondents.
ADKINS, Justice.
We review the opinion of Reliance Insurance Co. v. Maryland Casualty Co., 453 So.2d 854 (Fla. 4th DCA 1984), which directly conflicts with Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984), on the same point of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts in this case are not in dispute. On October 23, 1979, Filomena Ricucci suffered personal injuries in an automobile accident. Ms. Ricucci sought recovery from the following five parties: 1) Bob Salmon, Inc., the owner of the vehicle; 2) Reliance Insurance Company, Bob Salmon, Inc.'s insurer; 3) B.A.T. Pipeline, the lessee of the vehicle, by way of oral agreement with Bob Salmon, Inc.; 4) Maryland Insurance Company, B.A.T.'s insurer; and 5) Sean Franklin Kingman, an employee of B.A.T., who was driving the vehicle in a negligent manner during the course and scope of his employment, thereby causing personal injuries to Ms. Ricucci.
Reliance and Maryland filed cross-claims against each other. Both companies asserted that the other provided primary coverage and requested indemnification. The trial court entered summary judgment in favor of Maryland. The Fourth District Court of Appeal reversed and ordered summary judgment in favor of Reliance.
The issue of whether Reliance or Maryland is responsible for the primary layer of coverage is determined by section 627.7263, Florida Statutes (1981), which reads as follows:
Rental and leasing driver's insurance to be primary; exception. 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing *1070 the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
This statute mandates that the insurance policy providing coverage for the lessor of a motor vehicle is primary unless otherwise stated in bold type on the face of the rental or lease agreement. Since the lease agreement between the lessor, Salmon, and the lessee, B.A.T., was oral it is obvious that the lessor failed to shift the burden of primary insurance coverage to the lessee and that the insurance coverage provided by Reliance to the lessor is primary.
We now must determine the extent of primary coverage afforded by Reliance. Reliance urges us to uphold the district court's finding that its policy is primary only up to the minimum amount required by the financial responsibility law, $10,000. See Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982). Maryland cites Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984), in support of its argument that Reliance's primary coverage extends beyond the minimum $10,000, up to the full amount of the policy it issued to the lessor.
The last sentence of subsection (1) of section 627.7263, Florida Statutes (1981), is determinative of the issue before us. It provides as follows:
Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
Words in a statute should be given their plain and ordinary meaning. Graham v. State, 362 So.2d 924 (Fla. 1978). The last sentence of subsection (1) of section 627.7263 states that the lessor's insurance is primary for the limits of liability and personal injury protection as required by ss. 324.021(7) and 627.736 (emphasis supplied). These sections require liability coverage of $10,000. Therefore, the plain meaning of section 627.7263 requires us to find that Reliance's insurance policy only provides primary insurance coverage for the first $10,000 regardless of the amount of the policy issued by Reliance to the lessor. In further support of Reliance's position, we note that the legislature could have omitted the last sentence of subsection (1) had it intended for the lessor to automatically provide primary coverage up to the full extent of its policy.
Thus, we approve of the district court's reversal of the trial court's award of final summary judgment in favor of Maryland, and disapprove Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984), to the extent that it holds that the lessor's coverage is primary, as a matter of law, for the full limits of liability afforded to the lessor and not merely for the limits of liability required by the financial responsibility law.
Next, we must determine whether Maryland or Reliance follows the $10,000 primary coverage provided by Reliance in accordance with the financial responsibility law. This determination must be based upon the principles of law enunciated in Insurance Company of North America v. Avis Rent-A-Car, 348 So.2d 1149 (Fla. 1977), and Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985). See also Metropolitan Property and Life Insurance v. Chicago Insurance Co., 479 So.2d 114 (Fla. 1985).
In Fowler, we held that once the financial responsibility law has been satisfied, the insurer of a party who is only vicariously liable is entitled to follow the insurer of the actively negligent party, as a matter of law, provided that the insurer of the vicariously liable party does not insure a joint tortfeasor or an actively negligent party as an additional insured.
Reliance insures a party who is only vicariously liable because it issued a policy to the owner of the vehicle. See Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964). In addition, the Reliance policy does not cover a joint tortfeasor or the actively negligent party as an additional insured.
The Reliance policy reads as follows:
II Persons Insured
Each of the following is an insured under this insurance to the extent set forth below:

*1071 (ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization.

(Emphasis supplied.)
This policy contains a classic "escape clause." We will give full effect to this "escape clause" and find that the Reliance policy does not cover the active tortfeasor. See Auto-Owners Insurance Co. v. Palm Beach County, 157 So.2d 820 (Fla. 2d DCA 1963).
In contrast, the policy issued by Maryland to B.A.T. covers the active tortfeasor as an additional insured. As a result, the Maryland policy must follow the initial $10,000 under the Reliance policy issued in accordance with the financial responsibility law.
Accordingly, we approve the Fourth District Court of Appeal's order directing the trial court to enter summary judgment in favor of Reliance.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.