493 So.2d 445 (1986)
SOUTHEASTERN FIDELITY INS. CO., Petitioner,
v.
Mark COLE, et al., Respondents.
No. 67226.
Supreme Court of Florida.
September 4, 1986.
*446 Susan Minor of Thompson and Associates, Ltd., Miami, for petitioner.
R. Fred Lewis of Magill and Lewis, P.A., Miami, for respondents.
ADKINS, Justice.
We have for review Cole v. Southeastern Fidelity Insurance Co., 469 So.2d 925 (Fla. 3d DCA 1985), which, at the time of its rendition, directly conflicted with many district court and Supreme Court decisions relating to priorities among insurance policies in automobile leasing situations. We take jurisdiction, article V, section 3(b)(3), Florida Constitution.
Mark Cole leased a car from Holiday Rent-A-Car (Holiday), and was involved in an accident while driving the vehicle. State Farm Mutual Insurance Company (State Farm) insured Cole. Southeastern Fidelity Insurance Company (Southeastern) insured Holiday. Cole, a permissive user of the leased vehicle, was an additional insured under the Southeastern policy. Both the State Farm and Southeastern policies expressly provide that they are excess policies in regard to non-owned vehicles.
We must apply the law as set forth in Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985); Metropolitan Property and Life Insurance Co. v. Chicago Insurance Co., 479 So.2d 114 (Fla. 1985); and Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068 (Fla. 1985), to the facts of this case.
The insurer of the owner/lessor must provide the first $10,000 worth of coverage unless the owner/lessor has properly shifted the burden of primary insurance to the lessee pursuant to section 627.7263, Florida Statutes (1981). Fowler; Maryland Casualty Co.. Holiday failed to shift the burden of primary insurance to Cole. As a result Southeastern, Holiday's insurer, must provide the first $10,000 worth of coverage.
State Farm issued a policy directly to Cole and Southeastern insured Cole as an additional insured. Thus, policy language will control the determination of the next level of coverage because neither company is entitled to indemnity. See Fowler; Metropolitan Property. We fully recognize the provision in State Farm's policy which provides that it only furnishes excess coverage on non-owned vehicles. State Farm's insured, Cole, was driving a non-owned vehicle. Therefore, the Southeastern policy must be exhausted before the State Farm policy can be reached.
*447 We reject Southeastern's argument that the following provision found on the back of the lease agreement between Holiday and Cole requires State Farm to provide the layer of insurance immediately following the first $10,000 worth of coverage:
5. INSURANCE: Vehicle is covered by an automobile liability insurance policy, a copy of which is available for inspection at main offices of Holiday Rent-A-Car System. Said policy provides coverage and limits of liability at least equal to the liability coverage and limits of liability required of the operator to satisfy this state's financial responsibility motor vehicle laws, but only if no other valid and collectable insurance, whether primary, excess or contingent, is available to Renter.
This provision is not a valid "other insurance" clause. Rather, the clause in question represents a failed attempt to describe the Southeastern policy as it existed in the main offices of Holiday Rent-A-Car. The Southeastern policy does not contain an "other insurance" clause despite the fact that the provision in the rental agreement says it does. We will not incorporate an "other insurance" clause into the insurance contract between Southeastern and Holiday merely because a rental agreement between Holiday and Cole mistakenly claimed that such a clause exists. Thus, Southeastern's entire policy must be exhausted before the State Farm policy can be reached.
Accordingly, we approve the decision of the district court.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.