HALL, Judge.
Appellants Thomas and Mary Mondello appeal a summary final judgment entered in favor of appellee Liberty Mutual Insurance Company in their suit against Liberty Mutual for uninsured motorist benefits. We affirm.
Thomas Mondello was injured in an automobile accident with an uninsured motorist. The vehicle Mondello was driving at the time of the accident had been leased by Mondello’s employer, Kaplan Industries, Inc., from Lakeland Ford Company, Inc., pursuant to a consumer net lease agreement. The lease agreement provided that the customer, Kaplan Industries, would be responsible for obtaining comprehensive, collision, liability, and property damage coverage for the leased vehicle. The lease made no reference to uninsured motorist coverage. Kaplan Industries obtained bodily injury and uninsured motorist coverage from The Home Indemnity Company and provided proof of said insurance to Lake-land Ford prior to delivery of the vehicle.
The Mondellos filed suit against Liberty Mutual alleging that it had issued an automobile insurance policy to Lakeland Ford, that said policy provided uninsured motorist coverage for the vehicle Thomas Mon-dello was driving at the time of the accident, and that the other vehicle involved in the accident was uninsured. The Mondel-los sought a declaratory judgment prescribing the rights, duties, and obligations of the parties.
Liberty Mutual answered the Mondellos’ complaint admitting that it had issued a liability insurance policy to Lakeland Ford but specifically denying that the policy provided uninsured motorist coverage for the vehicle Thomas Mondello was driving at the time of the accident. Liberty Mutual subsequently filed a motion for summary judgment, which was denied. It then filed a motion for rehearing of the summary judgment alleging that section 627.7263(1), Florida Statutes (1979), applied only to valid and collectible liability or personal injury protection insurance, not to uninsured motorist coverage. Liberty Mutual’s motion for rehearing was granted, and the trial court subsequently entered summary final judgment in favor of Liberty Mutual. The Mondellos then filed this timely appeal.
The Mondellos contend that because Lakeland Ford failed to comply with the bold-type provision of section 627.7263(1), Florida Statutes (1979), Liberty Mutual is responsible for providing the primary liability insurance for the vehicle Thomas Mon-dello was driving at the time of the accident. Section 627.7263(1) provides as follows:
The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
The Mondellos further contend that because Liberty Mutual is responsible for providing liability insurance, pursuant to section 627.727(1), Florida Statutes (1979), it is also responsible for providing uninsured motorist coverage for the subject vehicle. Section 627.727(1) provides in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the *1180 protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage. When a vehicle is leased for a period of 1 year or longer and the lessor of such vehicle, by the terms of the lease contract, provides liability coverage on the leased vehicle in a policy wherein the lessee is a named insured or on a certificate of a master policy issued to the lessor, the lessee of such vehicle shall have the sole privilege to reject uninsured motorist coverage.
Liberty Mutual admits that Lakeland Ford failed to comply with section 627.-7263(1) but contends that it is not therefore responsible for providing uninsured motorist coverage because section 627.7263(1) makes no reference to such coverage.
We agree with Liberty Mutual’s argument. Section 627.7263 provides that a lessor’s liability or personal injury protection insurance shall be primary unless stated otherwise in bold type on the face of the lease agreement. The statute makes no reference to uninsured motorist insurance. Rather, “[o]nce the requirements of the statute are satisfied by requiring the lessor to be responsible up to the limits of the financial responsibility law, or to properly shift the burden, the parties are free to contract between themselves as to any additional responsibility.” Patton v. Lindo’s Rent-A-Car, 415 So.2d 43, 45 (Fla. 2d DCA 1982), see also Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068 (Fla.1985) (citing Patton). Thus, the parties to a rental or lease agreement must contract between themselves regarding uninsured motorist coverage. The parties to the lease agreement with which we are concerned, Kaplan Industries and Lakeland Ford Company, did not contract with regard to uninsured motorist coverage.
According to the terms of the lease agreement between Kaplan Industries and Lakeland Ford, Kaplan was obligated to obtain insurance on the leased vehicle. Kaplan obtained a liability policy on the vehicle and delivered a copy of said policy to Lakeland Ford prior to receipt of the leased vehicle. Liberty Mutual did not deliver or issue a policy of liability insurance on the subject vehicle in conjunction with the lease agreement. Since section 627.-727(1) deals with liability insurance delivered or issued according to the terms of the lease contract and Liberty Mutual had no obligation to deliver nor did it deliver or issue a policy of liability insurance under the terms of the lease agreement, this section is inapplicable to the instant case.
Therefore, the Mondellos cannot seek uninsured motorist benefits from Liberty Mutual.
Affirmed.
RYDER, A.C.J., and LEHAN, J., concur.