**GUARDIAN INSURANCE COMPANY OF CANADA, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**No. 88–1133–CIV–T–17(C).**

United States District Court, M.D. Florida, Tampa Division.

Aug. 14, 1990.

William S. Josey, Alpert, Josey, Grilli, Paris & Hanna, P.A., Tampa, Fla., for plaintiff.

John O. Strauss, McClain & Associates, P.A., Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on both parties' motions for summary judgment.

### FACTS

The uncontroverted facts in this case are:

1. Edward L. French (Mr. French) rented a car from Alamo Rent–A–Car, Inc. (Alamo) and was involved in an accident on or about May 5, 1986. Thereafter, a civil action for damages against Mr. French and Alamo was filed by the operator of the other vehicle.

2. Mr. French was the active tortfeasor in the accident and was, at all times material, insured by Guardian Insurance Company of Canada (Guardian).

3. Alamo was, at all times material, insured by Liberty Mutual Insurance Company (Liberty).

4. As a result of the motor vehicle accident, Liberty defended Mr. French and Alamo, and Liberty settled and paid the injured plaintiff's claim for $98,000.

5. Liberty concedes that, pursuant to Florida Statute Section 324.021(7), it insured Alamo and Mr. French for the $10,000 financial responsibility limits.

6. Mr. French and Guardian refuse to provide indemnification to Liberty for the settlement amount in excess of the first $10,000.

7. The insurance policy written by Guardian for Mr. French contained an "other insurance" clause which provided that "if at the time of a loss covered by this Policy there is other valid and collectible insurance ... which would attach if this insurance had not been effected, [Guardian] shall be liable only for the excess, if any, of loss over the applicable limit of such other valid and collectible insurance covering such loss."

8. The insurance policy written by Liberty for Alamo provided that "[a]nyone else is an insured while using with your permission a covered auto you own, hire, or borrow ...." This language was qualified,

however, by another clause which stated that "[f]or any covered auto you own, this policy provides primary insurance[, but f]or any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance."

9. The Liberty policy also stated that "[t]he insurance provided by this policy is subject to the terms, including any limit of liability, conditions, restrictions and limitations contained in the lease or rental agreement, provided our undertaking under this policy is not enlarged or extended."

10. Finally, the language on the back of the rental agreement between Mr. French (I) and Alamo (You) stated that:

**Liability Insurance.** Anyone permitted by this Agreement to drive the car will be protected against liability for causing bodily injury, death or property damage up to the minimum limits of coverage required by State Law.... Basic no fault insurance coverage is provided where and to the extent the law requires, but I understand that you will not provide supplementary, optional or uninsured motorist coverages and you and I reject such other coverages to the extent permitted by law.... I also agree to indemnify you for any loss, liability or expense arising out of the use of the car that you may have which exceeds the limits of liability insurance stated above.

## DISCUSSION

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.' " *Celotex Corp.* at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. The Court is satisfied, and the parties have stipulated, that no factual issues are in dispute which would prevent entry of summary judgment. Before the Court is a question of law as to whether Liberty or Guardian is responsible for the claim settlement amount in excess of the undisputed, initial $10,000.

In its insurance policy with Mr. French, Guardian has a valid "other insurance" clause which attempts to make Guardian the secondary insurer for liabilities incurred by Mr. French when other collectible insurance exists. However, Liberty's policy with Alamo also has certain clauses which attempt to limit Liberty's financial responsibility by relegating Liberty to the position of secondary insurer.

In several cases, the Supreme Court of Florida has discussed the issue of priority among insurers when "other insurance" clauses exist. In *Allstate Ins. Co. v. Fowler*, 480 So.2d 1287, 1288–89 (Fla.1985), a dispute much like that in the instant case arose between the insurers of an automobile lessor and a negligent lessee. The policy between the lessee and his insurer had an "other insurance" clause, similar to that in Guardian's policy, since it limited the insurer's liability to the excess over other applicable insurance when the in-

sured was using a nonowned auto. *Id.* at 1289. The court in *Fowler* held that in some cases courts can disregard "other insurance" clauses existing in the negligent lessee's insurance policy, and, in those cases, the lessor's insurer is thus indemnified by the driver's carrier. *Id.* at 1290. However, before a court can disregard the clause, "[f]irst, the insurance policy issued to the vicariously liable party [the lessor] must not cover the active tortfeasor as an additional insured." *Id.* "Second, the vicariously liable party must not be a joint tortfeasor." *Id.*

In the instant case, it is not argued that Liberty was a joint tortfeasor. This Court must only determine whether Liberty's policy, as the lessor's insurer, covers Mr. French, the lessee and active tortfeasor. Once this is determined, this Court can determine, in accordance with *Fowler*, whether Guardian's "other insurance" clause can be disregarded so that Guardian must indemnify Liberty.

In *Maryland Casualty Co. v. Reliance Ins. Co.*, 478 So.2d 1068 (Fla.1985), the Florida Supreme Court discussed whether a lessor's insurance policy covered the lessee/tortfeasor. In *Reliance*, the lessor's insurance policy covered any person operating a vehicle with permission, but only if no other valid and collectible insurance was available to such person. *Id.* at 1071. Thus, the court held that although the policy explicitly covered the lessee/driver, it was limited in scope because of the common "other insurance" clause which this court characterized as an "escape clause." *Id.* The Supreme Court of Florida in *Reliance* held that the "escape clause" was enforceable, and therefore the lessor's insurer could escape liability for the lessee's accident to the extent other insurance was available, (i.e. from the driver's primary insurer). *Id.*

In *Reliance*, the language exempting the lessee from coverage was explicitly within the lessor's insurance policy. However, in the instant case, Liberty's policy explicitly made its coverage secondary only for non-owned automobiles. See Fact section, paragraph 8. Since Mr. French was driv-

ing an automobile owned by Alamo, the "other insurance" clause, or "escape clause", language does not apply to exclude him from coverage. However, Liberty's policy also explicitly refers to limitations that may exist in the rental agreement between the lessor and lessee. Thus, if such language can be incorporated into the policy, it could exempt Mr. French from coverage much like the lessee in *Reliance*.

The Supreme Court of Florida interpreted the language of an insurance policy and its accompanying rental policy in *Southeastern Fidelity Ins. Co. v. Cole*, 493 So.2d 445 (Fla.1986). In this case, Mr. Cole leased an automobile from Holiday Rent–A–Car (Holiday) and was involved in an accident while driving the vehicle. State Farm insured Cole under a policy which stated that the coverage was excess for non-owned vehicles (i.e. a lessee's "other insurance" clause like that in *Fowler*). Southeastern insured Holiday under a policy which explicitly included Cole as an additional insured. Thus, in accordance with *Reliance*, unless Southeastern's policy also contained an "other insurance" clause, Southeastern would be liable for the liabilities resulting from Cole's accident. *Id.* at 446–47; *Fowler* at 1290.

For this reason, Southeastern argued that a paragraph in the *rental agreement* between Holiday and Cole acted as the applicable "other insurance" clause. The paragraph stated:

> 5. INSURANCE: Vehicle is covered by an automobile liability insurance policy, a copy of which is available for inspection at main offices of Holiday Rent–A–Car System. Said policy provides coverage and limits of liability at least equal to the liability coverage and limits of liability required of the operator to satisfy this state's financial responsibility motor vehicle laws, but only if no other valid collectible insurance, whether primary, excess or contingent, is available to Renter.

*Id.* 493 So.2d at 447. The court in *Cole* held that the paragraph was *not* a valid "other insurance" clause because it was an incorrect statement of the policy as it exist-

ed in the main offices of Holiday. *Id.* In that case, the actual policy did not contain the "other insurance" clause as the rental agreement said it did, and the court refused to incorporate the rental agreement into the insurance policy between Holiday and Southeastern. *Id.* The court ruled that Southeastern was still responsible for liabilities incurred because of Mr. Cole's accident. *Id.*

Like the situation in *Cole*, the instant policy by Liberty extended coverage to lessees, such as Mr. French, since the policy's language covered anyone permissibly operating an owned vehicle. Liberty's insurance policy with Alamo only explicitly limited coverage for non-owned vehicles. See Facts section paragraph 8. However, this Court finds that Liberty also validly limited its coverage, with regard to owned or non-owned vehicles, by virtue of the clause in its insurance policy incorporating exclusions that appear in the lessor's rental agreements. In the instant case, Alamo's rental agreement with Mr. French did in fact limit Alamo's, and therefore Liberty's, liability coverage. See Facts section paragraph 9 and 10.

Guardian asserts that the language in the rental agreement is ambiguous and should be construed against the drafter and in favor of extending coverage. This Court finds the language in Alamo's rental agreement to be clear and unambiguous. The "Liability Insurance" paragraph clearly limited Alamo's, and therefore Liberty's, liability to the limits of the law as required in the State of Florida. Unlike the situation in *Cole*, the limitation in the rental agreement contained no misstatement of fact. The paragraph was a clear limitation Alamo's responsibility, and because Liberty's policy incorporated such limitations, Liberty has a valid claim for indemnification from Guardian for any liability arising out of the use of the car rented by Mr. French that exceeded the limit of insurance required by law (the initial $10,000). Accordingly, it is

ORDERED that the summary judgment requested by Liberty is granted and the Clerk of Court shall enter final judgment for the settlement amount in excess of the initial $10,000, or $88,000 in favor of Liberty.

DONE and ORDERED.