[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 126)
This motion for summary judgment arises out of a dispute over which defendant's agreement constitutes the primary coverage on an automobile accident involving a rental car and an uninsured motorist.
On June 4, 1995, Anthony Rinaldi, rented a vehicle from Alamo Rent A Car (hereinafter Alamo), in Miami, Florida. At approximately 4:30 p.m., Anthony Rinaldi was operating the rented vehicle, in which Mary Ann Rinaldi was a passenger therein, southbound on Interstate 95. As they proceeded unto an exit ramp and slowed to accommodate a line of vehicles stopped at a red light, a vehicle owned and operated by Rajkumar Vania (Vania) struck them from behind, resulting in injuries to Mary Ann Rinaldi. Vania's vehicle was uninsured.
On February 3, 1997, the plaintiffs, Anthony and Mary Ann Rinaldi, filed a two count revised complaint[1] against their own insurance company, Metropolitan Property Casualty Insurance Company (hereinafter Metropolitan), alleging breach of their insurance contract. On September 29, 1998, Metropolitan filed a cross complaint against Alamo. Thereafter, on May 21, 1999, Alamo filed a motion for summary judgment. Metropolitan opposes the summary judgment.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, ___ A.2d ___ (1999). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law, and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. DoubleA Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). CT Page 15588
The sole issue before this court is whether Alamo is entitled to summary judgment on the ground that the uninsured motorist coverage provided by it is not the primary coverage. Alamo argues that Anthony Rinaldi executed a rental agreement[2] in which he declined to purchase supplemental insurance coverage from them. Alamo further argues that by initialing the rental agreement, Anthony Rinaldi agreed that the Metropolitan coverage was primary. Moreover, Alamo argues that in processing the insurance claim forms and the police report, the plaintiffs referred to the Metropolitan policy as their primary coverage. In support of its position, Alamo argues that the Supreme Court's decision in Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,713 A.2d 820 (1998), is factually analogous and determinative on the issue of priority.
In response, Metropolitan argues that the uninsured and underinsured motorist statute, General Statutes § 38a-336 (d)[3] is binding authority. Metropolitan also argues that the Supreme Court's decision in Hertz is distinguishable because that case was limited in scope to the issue of prioritization of coverage in a liability context. Moreover, Metropolitan argues that the Connecticut legislature, in enacting General Statutes § 38a-336
(d), definitively established the order of prioritization of uninsured and underinsured motorist coverage in situations where there are multiple policies. Therefore, Metropolitan argues that pursuant to § 38a-336 (d), and the Supreme Court's decisions inSandor v. New Hampshire Ins. Co., 241 Conn. 792, 699 A.2d 96
(1997), and Conzo v. Aetna Ins. Co., 243 Conn. 677, 705 A.2d 1020
(1998), the uninsured and underinsured motorist coverage provided by Alamo is primary.
Alamo's assertion that it is entitled to summary judgment is predicated mainly upon the rental agreement signed by Anthony Rinaldi. However, the terms of the rental agreement renders it unclear whether Anthony Rinaldi in fact agreed that Metropolitan's uninsured motorist coverage was primary. Indeed, the amendment to the rental agreement, signed by Anthony Rinaldi, provides: "Pursuant to the exception in Florida Statute 627.7263, renter is notified that this rental agreement, is hereby amended to provide that the valid and collectible liability and personalinjury protection insurance of the renter, or of any authorized driver operating this motor vehicle, shall be primary with said statute and in accordance with the limits of liability as required by Florida Statute 324.021(7)." (Emphasis added.) CT Page 15589
Moreover, support for Alamo's assertion is further diminished by Florida Statute § 627.7263,[4] which is referred to as the statutory basis for the amendment to the rental agreement. Specifically, § 627.7263 has been interpreted by the Florida courts as applying solely to the priority between liability and personal injury coverages, not uninsured motorist coverage. SeeMondello v. Liberty Mutual Insurance Company, 507 So.2d 1178
(Fla.Dist.Ct.App. 1987).
In Mondello, the Florida court ruled that
 "Section 627-7263 provides that a lessor's liability or personal injury protection insurance shall be primary unless stated otherwise in bold type on the face of the lease agreement. The statute makes no reference to uninsured motorist insurance. Rather, [o]nce the requirements of the statute are satisfied by requiring the lessor to be responsible up to the limits of the financial responsibility law, or to properly shift the burden, the parties are free to contract between themselves as to any additional responsibility. . . . Thus, the parties to a rental or lease agreement must contract between themselves regarding uninsured motorist coverage." (Citations omitted; internal quotation marks omitted.) Mondello v. Liberty Mutual Insurance Company, supra, 507 So.2d 1180.
Here, based upon the evidence presented, it does not appear that the parties' agreement, which designated Metropolitan's liability coverage as primary, included an agreement regarding uninsured motorist coverage. Indeed, although it might be possible to alter the prioritization of uninsured motorist coverage by contract, the amended rental agreement submitted here does not reflect such an agreement. Therefore, genuine issues of material fact exist in the present case, including inter alia,
whether an agreement existed that purported to alter the prioritization of Rinaldi's uninsured motorist coverage.
Accordingly, Alamo's motion for summary judgment is herebyDENIED.
MELVILLE, J.