D'Agostino Excavators, Inc., Respondent, v. Globe Indemnity Company, Appellant, et al., Defendant.

First Department, April 14, 1959.

484

*Alexander Gangel* of counsel (*Michels, Gangel & Walton,* attorneys), for appellant.

*Harry Rappaport* for respondent.

McNALLY, J. On March 9, 1956, due to the negligent operation thereof, plaintiff's bulldozer struck and damaged certain walls and structures on the property of defendant, the Lawrence M. Lyons Corporation. The latter recovered a judgment against the plaintiff by reason of said occurrence. The defendant-appellant having refused to defend said action against the plaintiff and to satisfy the judgment therein, this action for indemnity was instituted grounded on a liability policy issued to the plaintiff by the defendant-appellant. The coverage provided for in said policy is as follows: " To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined.''

A typewritten rider entitled " Liability Extension Schedule " describes the plaintiff's operations, in part, as follows: " Excavation — for cellars or foundations of buildings — bridges or retaining walls including borrowing, filling or back-filling (excavation in connection with street or road construction or tunneling to be separately rated.) ".

However, the printed policy provisions exclude from said coverage the following: " (n)  *  *  *  (2) the collapse of or structural injury to any building or structure due (a) to excavation, including borrowing, filling or back-filling in connection therewith, or to tunneling, pile driving, coffer-dam work or caisson work, or (b) to moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof  *  *  *  ."

The question presented for decision is the meaning of the coverage and the exclusion, which should be resolved in the light of the reasonable expectation and purpose of an ordinary businessman in making the contract of insurance. (*Harris* v. *Allstate Ins. Co.,* 309 N. Y. 72, 75; *Bronx Sav. Bank* v. *Weigandt,* 1 N Y 2d 545, 551.) It will be noted that the specified operations of the plaintiff are embraced within the activities enumerated in the exclusion clause. It is therefore necessary to reconcile the exclusion with the purported coverage of plaintiff's regular business activities. This cannot be done unless we hold that the exclusion clause cancels out the purported policy coverage, a result that could not have been contemplated by the parties to the policy because it would require the payment of premiums without coverage. The policy having been written by the appellant insurer, it has not met the burden of establishing not only that the exclusion is susceptible of the construction urged by it but that it is the only construction that can be fairly placed thereon. (*Bronx Sav. Bank* v. *Weigandt, supra,* pp. 551–552; *Hartol Prods. Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 49.) Moreover, where, as here, the typewritten provisions of insured's operations and the printed exclusion present an ambiguity, it must be resolved in favor of the insured. (*Muller* v. *Sun Ind. Co. of N. Y.,* 302 N. Y. 634, 636.)

We are also of the opinion that the language of the exclusion fairly and reasonably construed is limited to the collapse of or injury to any building or structure directly due solely to excavation or filling or backfilling and does not include injury due to the impact between plaintiff's bulldozer and the affected property. (*Harris* v. *Allstate Ins. Co., supra.*) It does not appear

that the excavation or backfilling directly caused the damage; the forceful impact of the bulldozer with the affected structures was the cause thereof.

Accordingly, the judgment should be affirmed, with costs.

Botein, P. J., M. M. Frank, Valente and Stevens, JJ., concur.

Judgment unanimously affirmed, with costs to the respondent.