WIGGINTON, Judge.
Petitioner seeks review by common law certiorari of an order rendered by the trial court which denies petitioner’s motion for summary judgment on count one of her complaint, and judicially declares the extent of liability imposed upon respondent, United Services Automobile Association, under the two policies of automobile liability insurance issued by it to the remaining respondents, David F. LaViolette and his wife, Carol LaViolette. The propriety of this proceeding is questioned.
Petitioner filed her complaint in the trial court alleging in count one thereof that defendant, United Services Automobile Association, had theretofore issued to the defendants, David F. LaViolette and his wife, Carol LaViolette, separate policies of automobile liability insurance covering motor vehicles individually owned by each of them in their own right; that both such insurance policies were in full force and effect when Carol LaViolette’s automobile, then being operated by her husband, David F. LaViolette, was negligently driven in such manner that it collided with a bicycle on which plaintiff’s minor son was riding, resulting in personal injuries to the minor and damages to plaintiff as his mother; that the amount of damages to which the plaintiff is entitled will exceed the financial limits contained in the insurance policy covering the wife’s automobile; and that the full amount of insurance coverage afforded by both of the policies issued by defendant automobile association to the defendants husband and wife on their respective vehicles should be declared to be available and answerable for the damages suffered by plaintiff in this case. Count one of the complaint concluded with the prayer that the court render its judgment judicially declaring plaintiff’s right to recover against both of the policies owned by the individual defendants and issued by the defendant association. Count two of the complaint is in the usual form seeking damages arising from the negligent operation of the defendant wife’s automobile by the defendant husband which proximately caused the injuries suffered by plaintiff’s minor son.
After issue was joined by the answer filed by the defendants, interrogatories were propounded and answered, and the essential facts agreed upon by the parties, plaintiff moved for a summary judgment on count one of her complaint or, in the alternative, for a declaratory judgment in accordance with the prayer of her complaint. Upon consideration of the pleadings and other evidence in the file, the trial court rendered its order in which it denied plaintiff’s motion for summary judgment, but at the same time judicially .declared that plaintiff’s rights against the defendant automobile association were con *485 fined to that company’s liability as contained in the liability insurance policy covering only the automobile owned by the wife which was being driven by the husband at the time of the collision. The court further held that the insurance policy covering the husband’s vehicle was not liable in any manner for any damages suffered by plaintiff by virtue of the cause of action sued upon.
It is clear to us that the legal effect of the order here sought to be reviewed is a partial summary judgment in favor of the defendant automobile association with regard to its liability under the insurance policies issued by it to the natural defendants. Under these circumstances the order is interlocutory in character, and the only method by which it may be reviewed is by interlocutory appeal under Rule 4.2(a) of the Florida Appellate Rules, 32 F.S.A. or by direct appeal from the final judgment under Rule 3.1 F.A.R.[1]
Our statute provides that if an appeal is improvidently taken where the remedy might have been more properly sought by certiorari, the notice of appeal may be regarded and acted upon as a petition for certiorari and disposed of in accordance with the rules relating to that form of relief.[2]
It has been held, however, that:
“ * * * While section 59.45, Florida Statutes 1951, F.S.A., provides that an appeal improvidently taken may ‘be regarded and acted on as a petition for certiorari duly presented’, it does not provide that a petition for certiorari improvidently filed may be treated as a notice of appeal, where appeal is the proper remedy, and in our opinion we have no power to treat the petition for certiorari, filed in this cause as an appeal.” [3]
For the foregoing reasons the petition for writ of certiorari filed herein is dismissed for lack of jurisdiction vested in this court to consider the same, but without prejudice to the right of petitioner to seek review of the challenged order upon appeal from such final judgment as may be rendered in the cause yet pending in the trial court.
CARROLL, DONALD K., Acting C. J„ and SPECTOR, J., concur.

. Rule 4.2a, F.A.R., Interlocutory Appeals.
“Appeals may be prosecuted in accordance with this rule from * * * orders granting partial summary judgment on liability in civil actions, * * * Nothing in this rule shall preclude the review of an interlocutory order in a civil action on appeal from the final judgment as otherwise authorized by these rules * * * ”

. F.S. § 59.45, F.S.A.
“If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court.”

.Bartow Growers Processing Corp. v. Florida Growers Processing Cooperative (Fla.1954) 71 So.2d 165, 166.