445 So.2d 395 (1984)
SUNSHINE DODGE, INC., a Florida corporation, Appellant,
v.
Ingeborg M. KETCHEM and Lisa Ketchem, a Minor, by and through Said Ingeborg M. Ketchem, As Next Friend and Natural Guardian of Said Lisa Ketchem; Michael Steven Davis; Danny O'Bryan's Flowers & Things, Inc., a Florida Corporation; and State Farm Insurance Company, a Foreign Insurance Company, Appellees.
No. 83-18.
District Court of Appeal of Florida, Fifth District.
February 16, 1984.
*396 George E. McCarthy and William J. Neale, Melbourne, for appellant.
Thomas G. Kane of Driscoll, Langston & Kane, P.A., Cocoa Beach, for appellees.
COBB, Judge.
Sunshine Dodge, Inc. (Sunshine), leased an automobile in its possession to Danny O'Bryan's Flowers & Things, Inc. (O'Bryan's). The titled owner of the car is Chrysler Corporation. The lease agreement contained the following relevant provisions:
2. Under no circumstances shall vehicle be used, operated or driven
* * * * * *
(b) by any person who is less than 22 years of age....
* * * * * *
(f) by any person except renter, or a qualified licensed driver 22 years of age or older named by renter on page 1; ...
* * * * * *
4. Lessor agrees to maintain automobile liability insurance coverage for the benefit of renter and others of age 22 or older driving with renter's prior consent, ...
5. Renter shall defend, indemnify and hold harmless lessor ... which are not covered by the insurance provided hereunder by lessor, ...
Subsequently, the leased car, while operated by one Michael Steven Davis, collided with another vehicle operated by the Ketchems. The Ketchems sued Davis, O'Bryan's (and its insurer, State Farm) and Sunshine. O'Bryan's cross-claim against Sunshine alleged that it was obligated to defend the action on behalf of Davis, O'Bryan's and State Farm, and to indemnify them up to the limits ($100,000/$300,000) of the policy referred to in the lease agreement. In its answer to the cross-claim, Sunshine alleged that O'Bryan's had breached the lease agreement by allowing Davis, an unlicensed driver under 22 years of age, to operate the car. O'Bryan's and Davis did not dispute these facts.
The trial court entered a summary judgment against Sunshine on the indemnification claim, and this judgment is the subject matter of the instant "appeal." Based upon the recent Florida Supreme Court case of Travelers Ins. Co. v. Bruns, 443 So.2d 959 (Fla. 1984), we recognize that a trial court's determination of a disputed issue of coverage which precedes a determination of liability owing to the claimant (in this case the Ketchems) cannot serve as the basis for a plenary appeal under Rule 9.100 or for an appeal of a nonfinal order under Florida Rule of Appellate Procedure, 9.130(a)(3)(C)(IV). We, therefore, treat this application as a petition for writ of certiorari. See Fla.R.App.P. 9.040(c), and Combs v. State, 436 So.2d 93 (Fla. 1983).
The issue is whether or not Sunshine, as a "conduit" between the owner (Chrysler) and the driver (Davis), is liable for indemnification to its lessee (O'Bryan's) and the lessee's permittee (Davis). If Sunshine were the owner, it would clearly be required to indemnify the appellees under Roth v. Old Republic Ins. Co., 269 So.2d 3 (Fla. 1972), and Susco Car Rental System of Florida, Inc. v. Leonard, 112 So.2d 832 (Fla. 1959). However, Sunshine is Chrysler's bailee.
In Martin v. Lloyd Motor Co., 119 So.2d 413 (Fla. 1st DCA 1960), the First District Court of Appeal answered the question raised in the instant case. In Judge Wiggington's majority opinion in that case, he wrote:
The basic law of Florida respecting the liability of a person having possession of and dominion and control over a motor vehicle for its negligent operation upon the roads and highways of the state was first enunciated by our Supreme Court in the Southern Cotton Oil Co. case.[1] It was there held that an automobile is a dangerous instrumentality, and that a special liability is imposed upon the owner for the operation of such an instrumentality *397 upon the public highways of this state.
The latest affirmation of the fundamental philosophy underlying the dangerous instrumentality doctrine is the decision of the Supreme Court in the Susco Car Rental System case.[2] It was there held that the logical rule, as gleaned from the prevailing rationale of the cases dealing with the dangerous instrumentality doctrine, is that when control of a motor vehicle is voluntarily relinquished to another, only the breach of custody amounting to a specie of conversion or theft will relieve an owner of the responsibility for its use or misuse. It was held that this rule arises from the absolute duty which is owing to the public by those who employ in their business a dangerous instrumentality whose negligent operation might result in great danger to others. We see no justifiable reason why the liability imposed upon an owner of a motor vehicle under the dangerous instrumentality doctrine is not equally applicable to a bailee, whether the bailment be gratuitous, for hire, or for the mutual benefit of both parties. Nor can we agree that the bailee's liability is dependent upon a showing of bad faith or gross negligence on his part in allowing the vehicle to be operated with his permission by another party. Such prerequisite to liability may be the rule of law followed in other jurisdictions, but not in Florida under the doctrine prevailing here.
* * * * * *
... [T]he question of liability of a bailee for the negligent operation of a motor vehicle in its possession and under its domination and control, even though by a person to whom possession had been entrusted by the bailee, is not dependent upon ownership nor the particular legal relationship which exists between the possessor and the owner.
[1] Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.
[2] Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832; Fla.App. 1958, 103 So.2d 243.
Martin v. Lloyd Motor Co., 119 So.2d at 414-15.
It should also be noted that section 627.7263, Florida Statutes (1981), provides that an automobile lessor's insurer is primarily liable unless the lease agreement states in bold type that the lessee has the responsibility for primary insurance coverage. Sunshine is the named lessor under the lease agreement charged with primary coverage. Cf. National Indemnity Co. v. Home Ins. Co., 345 So.2d 1077 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 514 (Fla. 1978). As the lower court noted in its summary judgment, Sunshine does not have to indemnify Davis and O'Bryan's for amounts above the policy limits.[1] Sunshine could seek indemnification from them if it has to pay above the policy limits. See Insurance Co. of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977); Racecon Inc. v. Mead, 388 So.2d 266, 268 (Fla. 5th DCA 1980). Of course, neither Sunshine nor its carrier can maintain an indemnification action against its insureds, Davis and O'Bryan's, for any amount within the policy coverage. Ray v. Earl, 277 So.2d 73 (Fla.2d DCA), cert. denied, 280 So.2d 685 (Fla. 1973).
Based on Martin, Sunshine, even as a bailee, is liable and its carrier has primary coverage. The partial summary judgment herein did not depart from essential requirements of law and, therefore, we deny the petition for certiorari.
PETITION DENIED.
DAUKSCH, J., and DIAMANTIS, G.N., Associate Judge, concur.
NOTES
[1] Section 627.7263, Florida Statutes (1981), provides in relevant part:

(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736. (Emphasis added.)