COWART, Judge.
This case involves the construction of an exclusion clause in a liability insurance policy-
An insured contractor (Seacoast Construction of St. Augustine, Inc.) performed certain excavation and pile driving work. George and Betty Sechler, owners of a home on property adjacent to the construction site, sued the contractor alleging that the contractor’s activities damaged the structure of their home. The contractor filed a third party claim against its insurer (Florida Insurance Guaranty Association) alleging, in effect, that if it was liable to the plaintiff homeowners, the insurer was liable to the contractor under the terms of its liability policy. The insurer answered alleging that the policy contained exclusions applicable to the type of loss claimed by the homeowners. The trial court entered a summary judgment determining the issue of coverage against the insurer who appeals.[1]
The policy in question is titled “Manufacturers’ and contractors’ liability insurance coverage for premises and for the named insured’s operations in progress.” Subject to its exclusions, the policy provides coverage for property damage resulting from excavation and pile driving operations. That part of the policy itemizing the premiums paid for coverage of certain liability hazards provides a classification code number beside the description of each hazard covered. Beside the hazard described as “excavation” is the code number 15111 xcu and beside the hazard described as “pile driving” is the code number 17805xcm. The standard symbols “x”, “c”, and “u” respectively represent explosion hazards, collapse hazards, and underground property damage hazards. See Covert v. Binghamton, 459 N.Y.S.2d 721 (N.Y.Sup.Ct.1983); Tennessee Corp. v. Lamb Bros. Const. Co., 265 So.2d 533 (Fla. 2d DCA 1972); Fidelity and Casualty Co. v. T.P. Herndon and Co., 196 So.2d 196 (Fla. 1st DCA 1967).
Relevant portions of the policy titled “exclusions” provide:
This insurance does not apply:
(r) to property damage included within:
*367 (1) the explosion hazard in connection with operations identified in this policy by a classification code number which includes the symbol “x”,
(2) the collapse hazard in connection with operations identified in this policy by a classification code number which includes the symbol “c”,
(3) the underground property damage hazard in connection with operations identified in this policy by a classification code number which includes the symbol “u”.
EXCLUSION
(Explosion, collapse and underground property damage hazards)
It is agreed that the policy does not apply in property damage included within:
(1) The explosion hazard in connection with operations identified in the policy or in the schedule of this endorsement by a classification code which includes the symbol “x”,
(2) the collapse hazard in connection with operations identified in the policy or in the schedule of this endorsement by a classification code which includes the symbol “c”,
(3) the underground property damage hazard in connection with operations identified in the policy or in the schedule of this endorsement by a classification code which includes the symbol “u”.
The term “collapse hazard” is defined in the policy as including structural property damage and property damage to any other property at any time resulting from such structural property damage. The term “structural property damage” is defined in the policy as “the collapse of or structural injury to any building or structure due in (1) grading of land, excavating, ... pile driving, ...”
The trial court found the policy confusing and, therefore, ambiguous and applied the usual rule that ambiguities created by language chosen by the insurer are resolved against the insurer and, accordingly, found that the policy provided coverage for the structural damage to the home of the plaintiffs occasioned by the contractor’s excavation and pile driving operations.
We agree with the trial court that insurance policies may be confusing to persons not trained or experienced in the form and language of insurance policies. However, that fact does not make such policies or language legally ambiguous. In two different places within the policy, liability coverage for collapse hazards is specifically and clearly excluded and the term “collapse hazard” is defined to expressly and clearly include structural property damage of the type claimed by the plaintiff homeowners against the contractor.[2] The trial court was concerned that the insured contractor paid for coverage for hazards which were excluded which resulted in the contractor receiving no coverage for the premium paid. This is not correct because there are many potential hazards to property that can result from excavation and pile driving operations other than those within the excluded “collapse hazard.” See Loewenthal v. Security Insurance Company, 50 Md. App. 112, 436 A.2d 493 (Md.Ct.Spec.App.1981); D’Agostino Excavators, Inc. v. Globe Indemnity Co., 7 A.D.2d 483, 184 N.Y.S.2d 378 (1959); Associated Indem. Corp. v. Bur-Tex Constructors, Inc., 444 S.W.2d 338 (Tex.Civ.App.1969). See also Grossman Iron and Steel Co. v. Bituminous Cas. Corp., 558 S.W.2d 255 (Mo.App. 1977); Blades v. Indemnity Insurance Co., 149 N.Y.S.2d 670 (N.Y.Sup.Ct.1956), affirmed 2 A.D.2d 868, 157 N.Y.S.2d 924 (1956); Jenkins v. Southern Home Insurance Co., 326 S.E.2d 176 (S.C.App.1985).
The liability policy in this case is clear and unambiguous as to the applicability of the policy exclusions to the facts of this case. Accordingly, we grant the petition for certiorari and quash the summary judgment finding coverage.
PETITION GRANTED.
DAUKSCH and ORFINGER, JJ„ concur.

. Although Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984), holds that a summary judgment finding insurance coverage does not determine an issue of liability in favor of a party seeking affirmative relief and is a nonap-pealable, nonfinal order, as in Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984), we treat appellant’s notice of appeal as a petition for writ of certiorari. Fla.R.App.P. 9.040(e).

. Collapse hazard coverage may be obtained by those willing to pay the premium. See, e.g., Oceanonics, Inc. v. Petroleum Distributing Co., 280 So.2d 874 (La.App.1973), affd., 292 So.2d 190 (La.1974).