GLICKSTEIN, Judge.
This appeal consolidates appeals by both defendants from a non-final trial court order on a motion for partial summary judgment. We dismiss the appeals for lack of jurisdiction but call to the trial court’s attention two significant points. First, the trial court has an inherent right to correct orders prior to final judgment if there is a legitimate reason to do so. See the cases cited in Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042 n. 1 (Fla. 4th DCA 1983). Second, the Supreme Court of Florida has now held that interspousal immunity is alive and well in this state. See Snowten v. United States Fidelity & Guaranty Co., 475 So.2d 1211 (Fla.1985).
Appellant, Donald Braverman, was driving a car rented to him by co-appellant Agency Rent-A-Car, when he had an accident in which his wife and daughter were injured. The wife and daughter sued both appellants for negligence. Appellants both asserted the doctrine of interspousal immunity as an affirmative defense against the wife; the daughter’s claim was settled. Both sides of the suit moved for summary judgment on the issue of interspousal immunity, Agency claiming that because it was only vicariously liable through Donald Braverman, it could also claim the benefit of the doctrine. The trial court, granting the wife’s motion and denying Agency and Donald Braverman’s, ruled that the doctrine of interspousal immunity is waived to the extent of insurance liability coverage. Agency and Donald Braverman appealed this order.
The first issue is whether this court has jurisdiction to review the trial court order granting partial summary judgment for plaintiff that her claim is not barred by interspousal immunity, and denying defendants’ motion for the same reason. We conclude it does not.
Appellants attempt to predicate jurisdiction on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which allows review of non-final orders that determine “the issue of liability in favor of a party seeking affirmative relief.” A ruling that the doctrine of interspousal immunity does not bar suit is not an affirmative determination of liability. Appellants mischaracterize the appealed order as one determining insurance coverage, the cases cited which question the appealability of orders deciding whether there is insurance coverage nevertheless appear analogous. This court has held that orders determining coverage without a finding of actual liability are not reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Florida Power & Light Company v. Hogue, 438 So.2d 975 (Fla. 4th DCA 1983); Travelers Insurance Company v. Bruns, 429 So.2d 317 (Fla. 4th DCA 1982); see also United States Fidelity & Guaranty Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982). This order would be appropriately here by plenary appeal.
Nor is the order in question one for which review by certiorari lies. In Manatee County v. Estech General Chemicals Corporation, 402 So.2d 75, 76 (Fla. 2d DCA 1981), it was held that the writ may not be used to review an order granting a motion to strike an affirmative defense. Although the appealed order did not arise *123 from a motion to strike, a grant of summary judgment on the affirmative defense of interspousal immunity has the same effect on the action and is as final. Again, this error is one that can be corrected upon plenary appeal. Avoidance of the expense and difficulty of an unnecessary trial is an insufficient reason for granting certiorari. Paine, Webber, Jackson & Curtis, Incorporated v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982); Hawaiian Inn of Daytona Beach Inc. v. Snead Construction Corporation, 393 So.2d 1201 (Fla. 5th DCA 1981). This should all be moot, of course, on remand.
HURLEY and DELL, JJ., concur.