562 So.2d 365 (1990)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
Robert C. QUERNS, Appellee.
No. 89-00298.
District Court of Appeal of Florida, Second District.
May 18, 1990.
Brent A. Owens of Law Offices of Norman Stallings, Jr., and Dennis P. Dore, P.A., Tampa, for appellant.
George M. Stark, Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, Insurance Company of North America (INA), challenges the summary judgment entered in favor of appellee, Robert J. Querns (Querns), establishing the duty of INA to defend Querns in a separate civil action. That separate third party action was brought against Querns for an alleged sexual assault and battery on a minor girl at the Lake Fern Montessori Academy where Querns was employed as a mathematics teacher. We reverse.
Before reaching the merits of the issue upon which we reverse, we first must address the basis for our jurisdiction to consider this appeal. Based upon the circumstances and posture of this case, we determine that our jurisdiction rests upon an application of the holding in Georgia American Insurance Co. v. Rios, 491 So.2d 1290 (Fla. 2d DCA 1986). In Georgia American, this court found that it had jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), to review an order finding that an insurer owed insurance coverage to its insured. Rule 9.130(a)(3)(C)(iv) provides that this court *366 has jurisdiction over appeals taken from nonfinal orders that determine the issue of liability in favor of a party seeking affirmative relief.
In this case, after Querns was sued in the trial court by the parents of the minor girl, Querns filed a separate action against INA seeking a declaratory judgment. INA was not made a party to the negligence action against Querns. In the declaratory action, Querns sought two forms of declaratory relief from INA. He sought, first and immediately, the enforcement of the duty of INA to defend him in the third party action for his alleged sexual battery. Second, he sought the right of indemnification from INA, which had to await the determination of his liability in the third party action. The trial court entered a partial summary judgment in the declaratory action finding that the activities allegedly committed by Querns were sufficient to invoke INA's "duty to defend as they allege, at least marginally and by reasonable implication, conduct within the insurance coverage afforded by" INA. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) because the order appealed from determined an issue of liability, INA's duty to defend, in favor of Querns, the party seeking affirmative relief in the declaratory action. Moreover, because the issue of indemnification is now moot because of subsequent developments in the third party action, the issue of INA's duty to defend is all that remains of the declaratory action and is, therefore, subject to our review in this appeal.
This case is clearly distinguishable on the question of jurisdiction from Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla. 1984). That case arose when a third party brought an action for personal injuries against Bruns (the insured) and Bruns' alleged insurer, Travelers. The question of insurance liability coverage was disputed between Bruns and Travelers and the trial court entered summary judgment against Travelers, holding that insurance coverage for any liability of Bruns, later to be determined, existed. Travelers appealed and the district court held that "the summary judgment of insurance coverage did not determine the issue of liability in favor of a party seeking affirmative relief and, thus, was nonappealable under Rule 9.130." Id. at 960. The supreme court affirmed the district court's holding explaining that the determination of the coverage issue between the insured and the insurer in that third party action did not determine the issue of liability in favor of the party seeking affirmative relief. The reasoning in Travelers, as we explained in Georgia American, was that the determination of coverage did not determine the ultimate issue of liability which might arise pursuant to that coverage until that issue was determined between the original complainant and Bruns. Thus, the determination of coverage in Travelers was not an issue of liability decided in favor of the party seeking affirmative relief since the party seeking affirmative relief, the injured plaintiff, sought, not insurance coverage, but a determination of negligence and an award of damages.
In contrast, in the instant case, the trial judge's determination in the separate declaratory judgment action that INA had a duty to defend Querns was a final determination of that issue of liability in favor of Querns, a party seeking such affirmative relief.
We now resolve the issue on the merits of this appeal by application of the holdings in Landis v. Allstate Insurance Co., 546 So.2d 1051 (Fla. 1989), and Judge Frank's dissent in Zordan ex rel. Zordan v. Page, 500 So.2d 608 (Fla. 2d DCA 1986), which was approved in Landis. The question that we resolve in favor of appellant INA is whether there is a duty to defend under an insurance policy when the underlying complaint for which the defense is sought fails to allege facts sufficient to bring the underlying case within the coverage of the policy. We hold in this case that the third parties' complaint against Querns, seeking liability for an alleged sexual assault by Querns, clearly alleges conduct which, if it occurred, is excluded from coverage under INA's policy and, thus, INA has no duty to defend. Florida law is clear that it is the allegations of the complaint *367 that govern the duty of the insurer to defend its insured against those perils for which the policy of insurance insures. National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977). The essential allegations of the third parties' complaint against Querns alleged that at all times material to the allegations, the minor girl was enrolled at Lake Fern Montessori School, that Querns was a mathematics teacher employed by the school, that Querns on May 7, 1985, and many times over the course of the 1984-1985 school year, touched and handled the sexual organs of the minor girl without her permission, and that Querns' alleged wrongful conduct was willful and negligent.
INA's insurance policy provides that the essential terms that are printed in italics and used in the text of the policy are explained in the "GLOSSARY" which is part of the policy. The liability coverage afforded to an insured is detailed in Section II, Part VI of the policy. That section explains that the liability claims that will be covered must be for property damage or bodily or personal injury resulting from an occurrence. "Occurrence" is defined in the glossary as an accident resulting in property damage or bodily or personal injury that must be neither expected nor intended by the insured. "Accident" is defined in the glossary as "a sudden, unforeseen, unintended event." The policy of insurance has a "Special Conditions" endorsement, the effect of which is to afford liability protection against claims for harm caused by a teacher which results from the performance of the teacher's duties as a member of the teaching staff. Contrary to appellee Querns' argument, we are unable to construe the "Special Conditions" endorsement as making any change in the provisions governing liability coverage as specified in Section II, Part VI, of the policy as previously discussed in this opinion. It is clear to us that intentional acts are excluded from coverage under the terms of INA's policy. Inasmuch as the complaint against Querns sought relief only for alleged intentional acts committed by Querns, INA had no duty to defend. See Landis, 546 So.2d at 1053; National Union Fire Insurance Co., 358 So.2d at 536.
We reverse and remand for entry of summary judgment for appellee INA.
FRANK and ALTENBERND, JJ., concur.