583 So.2d 361 (1991)
BE & K, INC., Appellant,
v.
SEMINOLE KRAFT CORP. and Robert and Effie Bricker, Appellees.
No. 90-3578.
District Court of Appeal of Florida, First District.
June 28, 1991.
*362 Karen K. Cole, of Boyd & Jenerette, P.A., Jacksonville, for appellant.
Frank W. Hession, of Matthews & Hession, Jacksonville, for appellees.

ON MOTION TO DISMISS
ZEHMER, Judge.
In this proceeding, BE & K, Inc., seeks appellate review of a non-final order granting Seminole Kraft Corporation a partial summary judgment on its third-party claim for indemnification pursuant to a contractual provision made between BE & K and Seminole Kraft. BE & K attempts to invoke the jurisdiction of this court under rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure,[1] or, alternatively, under rule 9.100 as a petition for common law writ of certiorari. Seminole Kraft moves to dismiss for lack of jurisdiction, urging that the cited rule does not afford jurisdiction under the circumstances of this case, and that no basis for invoking this court's common law certiorari jurisdiction has been shown by BE & K. For the reasons now discussed, we dismiss the proceeding for lack of jurisdiction.
The underlying action commenced with the filing of a complaint by Robert and Effie Bricker against Seminole Kraft to recover for personal injuries allegedly suffered by Robert Bricker due to Seminole Kraft's negligent maintenance of its property in a dangerous condition. Bricker, an employee of BE & K, was on the property in the course of his employment doing work pursuant to a construction contract between Seminole Kraft and BE & K. That contract contains a provision in paragraph 17.1 whereby BE & K agreed to
indemnify and hold Seminole harmless from and against any loss, damage, expense, responsibility and/or liability for all property damage or loss or bodily injury or death resulting from or arising out of Contractor's performance of this Agreement, including all attorneys' fees incurred by Seminole in enforcing the provisions of this indemnity or in connection with any claim or demand anticipated or asserted against Seminole which may be covered under the terms of this indemnity. Contractor shall assume, on behalf of Seminole, the defense of any lawsuit or proceeding brought against Seminole upon any such claim, demand, or right or cause of action, and pay on behalf of Seminole, upon its demand, the amount of any judgment that may be entered against Seminole in connection therewith. This indemnity shall not cover losses caused by Seminole's sole negligence. Contractor's liability under 17.1 shall be limited to the proceeds of an Owner's protective policy (limits and coverage to be as specified in Section 16.2) to be provided by Contractor in the name of Seminole.
Seminole Kraft filed a third-party complaint against BE & K seeking indemnification from BE & K pursuant to the quoted provision for all damages that Seminole Kraft may become liable for to the Brickers. BE & K answered the third-party complaint, denying liability and alleging several affirmative defenses, including (1) allegations that Seminole Kraft was not entitled to indemnification because the contractual provision on which it relied failed to comply with section 725.06, Florida Statutes, and (2) that Bricker's injury was caused by Seminole's sole negligence. Both parties to the third-party action filed motions for summary judgment. Seminole Kraft's motion for partial summary judgment was predicated on the ground that it was entitled to indemnification "against loss arising out of BE & K's performance of the contract so long as the loss is not caused by Seminole's sole negligence" and Bricker was performing work as a BE & K employee pursuant to its construction contract with Seminole Kraft when injured. The question of law to be decided was identified as
whether Seminole Kraft is entitled to indemnification from BE & K for loss incurred by Seminole Kraft as a result of Robert Bricker's injuries and ensuing *363 lawsuit in the event that it is determined that Seminole Kraft was not solely negligent in causing said injuries and that either BE & K or Robert Bricker were negligent in causing said injuries.
The trial court granted Seminole Kraft's motion, ordering that "Seminole Kraft is entitled to Partial Summary Judgment on the issue of joint liability of the Defendant and Third Party Plaintiff and the Third Party Defendant, if these parties are found to be jointly negligent for injury, loss or damage sustained by the Plaintiff." (Emphasis added). BE & K's motion for rehearing was denied and this appellate proceeding followed.
Seminole Kraft has moved to dismiss this proceeding for lack of jurisdiction on grounds that the order granting the motion for partial summary judgment does not constitute an order "determining liability in favor of a party seeking affirmative relief" within the meaning of rule 9.130(a)(3)(C)(iv). Seminole Kraft relies on Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla. 1984), U.S. Fidelity and Guarantee Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982), and Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980). Seminole Kraft further argues that review by certiorari is not appropriate because BE & K has failed to demonstrate that the trial court's order "constitutes a departure from the essential requirements of law and that BE & K does not have an adequate remedy upon plenary appeal" from final judgment.
Responding pursuant to our order to show cause, BE & K contends that review is appropriate under the cited provision of the appellate rules, relying on Insurance Company of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990), while contending that the cases cited by Seminole Kraft are materially distinguishable. BE & K further argues, alternatively, that review by common law certiorari is proper because the order under review constitutes a departure from the essential requirements of law, citing Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984). Citing Chappel v. J.D. Scarborough, 224 So.2d 791 (Fla. 1st DCA 1969), for the proposition that "a third-party defendant in an indemnity action cannot be prejudiced in any manner until such time as the third-party plaintiff has suffered the imposition of a judgment against him in favor of the plaintiff," BE & K argues that the order before us departs from the essential requirements of law because such order was entered "before judgment was entered against Seminole Kraft on the `main claim' by the plaintiff." BE & K contends it will be irreparably prejudiced by this premature entry of partial summary judgment "by precluding it from litigating the issues of whether the indemnity agreement complied with Fla. Stat. § 725.06 and whether the plaintiff's injuries, in the language of the indemnity agreement, resulted from or arose out of BE & K's performance of its construction contract with Seminole Kraft."
Addressing first jurisdiction under rule 9.130(a)(3)(C)(iv), we agree with Seminole Kraft that this is not the type of order granting affirmative relief that falls within the meaning of that rule. In U.S. Fidelity and Guarantee Co. v. Sloan, 410 So.2d 549, this court held that an order that determines the amount of uninsured motorist coverage that exists pursuant to two policies of insurance entered on joint motion for summary judgment as to the issue of insurance coverage before the issue of liability had been determined was not the type of non-final order reviewable under rule 9.130(a)(3)(C)(iv), and dismissed the appeal sua sponte. In Ogur v. Mogel, 390 So.2d 105, the third district held that an order entered on summary judgment determining the order in which the liability insurance coverage of the two defendants would be applied to satisfy any judgment the plaintiff may obtain against them was not an appealable non-final order under the cited rule, reasoning that
the trial court's order, setting forth the future indemnity rights of the defendants and the sequence in which the defendants would be responsible to pay any judgment in favor of Mogel, (a) did not determine an "issue of liability," since the liability of any of these defendants was necessarily inchoate prior to such *364 judgment, cf. American Heritage Institutional Securities, Inc. v. Price, 379 So.2d 420 (Fla. 5th DCA 1980) ..., and (b) was not a ruling on motions which sought "affirmative relief," see Rhein v. Rhein, 244 Minn. 260, 69 N.W.2d 657 (1955) ("affirmative relief" is that for which defendant might maintain an action entirely independent of plaintiff's claim and which he might proceed to establish and recover even if plaintiff abandoned his cause of action or failed to establish it); Simpson v. Superior Court in and For Los Angeles County, 68 Cal. App.2d 821, 158 P.2d 46 (Cal. App.2d Dist. 1945) (affirmative relief does not include mere defensive matter, but means the allegation of new matter which amounts to a counterattack); compare York Insurance Co. v. Becker, 364 So.2d 858 (Fla. 2d DCA 1978); (3) the result is unaffected by cases decided under former Florida Appellate Rule 4.2a (1962), which authorized an interlocutory appeal from a partial summary judgment on the issue of liability without regard to whether the issue was decided "in favor of a party seeking affirmative relief," see, e.g., Jerome Naglebusch, Inc., v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977).
390 So.2d at 106. The court dismissed the appeal.
In Travelers Insurance Co. v. Bruns, 443 So.2d 959, Bruns and her insurer Travelers had been sued for damages by an injured party in a personal injury action. Bruns moved for and obtained a partial summary judgment against Travelers on the disputed issue of Bruns's coverage for the accident. Travelers appealed pursuant to rule 9.130(a)(3)(C)(iv). The supreme court, citing the above two cases with approval, ruled that the order affirming coverage existed was not appealable under the cited rule because it did not determine the issue of liability in favor of a party, stating:
The resolution of a coverage issue concerning an alleged insured and insurer clearly does not determine the issue of liability in favor of a party seeking affirmative relief. The committee notes also state that the revised rule substantially alters current practice. The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment.

443 So.2d at 960-61 (emphasis added).
Applying the reasoning of the cited cases, the order for partial summary judgment under review does not determine an issue of liability because the liability of BE & K is nonexistent unless and until Seminole Kraft is determined to be jointly liable to the Brickers. Just as liability after determining that coverage exists remains conditional on a judgment against the insured, so also is the determination that a right of indemnity may exist in this case conditional upon a determination of Seminole Kraft's ultimate liability to the Brickers. Hence, in neither case does the partial summary judgment determine "the issue of liability in favor of a party seeking affirmative relief." The supreme court in Travelers emphasized that the purpose of rule 9.130 is to limit review of non-final orders to prevent the waste of judicial resources, a consideration that becomes even more compelling as the case filings in the appellate courts of this state continue to increase at an incredible rate. Piecemeal review of non-final orders prior to final disposition of all issues must be strictly limited as much as possible to conserve the sparse judicial resources available at the appellate level. This is especially true of non-final orders awarding conditional affirmative relief that may never result in a final judgment against the defendant.
The case relied on by BE & K, Insurance Company of North America v. Querns, 562 So.2d 365, is materially distinguishable because that case involves a ruling for the insured on a dispute over the insurer's duty to defend. Querns brought a declaratory judgment action against his insurer INA to determine that INA had a duty to defend in a separate personal injury action against him brought by a third party. The trial *365 court granted summary judgment for Querns and INA appealed. Holding this order was appealable under rule 9.130(a)(3)(C)(iv), the second district distinguished Travelers Insurance Co. v. Bruns for the reason that only the question of coverage was determined by the order in Bruns whereas the affirmative relief ordered against INA to provide a defense to Querns was the precise affirmative relief being sought in that action. The second district commented that the determination of coverage in Bruns was not the same as the determination of liability under such coverage and thus differed from the determination of the duty to defend. Without necessarily endorsing the views of the second district in Querns, we recognize that this is a clear and valid distinction between the two cases.
We next consider BE & K's request that we accept jurisdiction to review the order by common law certiorari. The parties correctly agree that certiorari is proper only upon a showing that the order sought to be reviewed departs from the essential requirements of the law and that BE & K does not have an adequate remedy upon plenary appeal from final judgment. We need not consider whether the order departs from the essential requirements of the law, for BE & K has not made the requisite showing that any error in entering the partial summary judgment cannot be adequately rectified on appeal from a final judgment after determination on final judgment of the existence and scope of Seminole Kraft's liability to the Brickers. The only prejudice argued by BE & K is that it will be wrongfully deprived of the right to raise whether the indemnity agreement complies with section 725.06, a defensive issue that presumably was considered by the trial court before it entered the partial summary judgment. But whether the court erroneously failed to consider that defense, or whether it has erred in rejecting that defense can be adequately rectified upon appeal from final judgment, if one is ever entered against BE & K on the indemnity agreement. Whether the plaintiff's injuries arose out of BE & K's performance of its contract would appear to be left open for determination at trial under the language of the partial summary judgment order, but even if the trial court does not allow that issue to be litigated, again such error can be rectified on appeal from the final judgment. The cases cited by BE & K are patently distinguishable and do not require us to grant review of the partial summary judgment order by common law certiorari.
Accordingly, this appeal is DISMISSED and the petition for certiorari is DENIED.
ERVIN and MINER, JJ., concur.
NOTES
[1] This rule provides for appellate review of non-final orders that "determine ... the issue of liability in favor of a party seeking affirmative relief."