653 So.2d 1085 (1995)
CANAL INSURANCE COMPANY, Petitioner,
v.
Richard Dewey REED, Respondent,
CANAL INSURANCE COMPANY, Appellant,
v.
Michael YORK, Appellee.
Nos. 94-1854, 94-1881.
District Court of Appeal of Florida, First District.
April 13, 1995.
*1086 George J. Dramis of Lawrence & Landis, P.A., Orlando, for petitioner/appellant.
Steven D. Turnage, Gainesville, for respondent/appellee.
KAHN, Judge.
In case number 94-1854, petitioner, Canal Insurance Company ("Canal"), seeks certiorari review of a declaratory judgment order in favor of the respondent, Richard D. Reed. The order finds invalid an employee exclusion contained in a motor vehicle liability insurance policy issued to Reed by Canal and orders Canal to provide liability coverage for injuries sustained by Michael York in an accident involving Reed's truck. In this proceeding, Canal attempts to invoke this court's discretionary certiorari jurisdiction under Rule 9.100, Florida Rules of Appellate Procedure. In case number 94-1881, Canal has filed an appeal under Rule 9.130(a)(3)(C)(iv),[1] seeking review of the same order. In that proceeding, Reed moves to dismiss on the basis that the order determining coverage is not an appealable non-final order. We have consolidated these two cases and, for the reasons discussed below, we deny the petition for certiorari, grant the motion to dismiss, and certify a question of great public importance to the Florida Supreme Court.
The underlying action commenced in July 1988 when York sued Reed and Canal for damages, alleging that he suffered injuries as a result of negligence in the operation of Reed's truck. When Canal denied coverage, Reed filed a third-party action against Canal and the insurance agency for misrepresentation in the issuance of his insurance policy. Canal, by counterclaim, brought a declaratory judgment action to determine whether its policy covered Reed for the injuries sustained by York. Canal relied on an employee exclusion contained in the insurance policy which, Canal argued, precluded coverage for York's injuries.[2]
The circuit court granted Canal's motion to sever and later ruled that the three different causes of action would be tried separately, with Canal's declaratory judgment action tried first, the third-party action between Reed and the insurance agent tried second, and the underlying personal injury action between York and Reed tried last. The court further ordered that the declaratory judgment action would be tried in two parts, with a jury trial to determine York's employment status at the time of the accident and, if the jury determined York was Reed's employee, the court would then decide, in a non-jury proceeding, the enforceability of the employee exclusion contained in the Canal policy. A jury determined that York was an employee of Reed and that he was in the course and scope of his employment at the time of the accident. The trial court then found the employee exclusion invalid under Florida law and ordered Canal to provide liability coverage to York for the accident. Canal now seeks review of this order.
Although the Florida Supreme Court has not directly addressed review by certiorari of a trial court's determination regarding the applicability of such an exclusion in an insurance policy and the resulting duty to defend, that court has addressed a similar issue in the context of an appeal pursuant to Rule 9.130, Florida Rules of Appellate Procedure.[3] *1087 In Travelers Insurance Co. v. Bruns, the Florida Supreme Court held that a summary judgment on the issue of insurance coverage did not determine an issue of liability in favor of the party seeking affirmative relief and was therefore not appealable under Rule 9.130(a)(3)(C)(iv). 443 So.2d 959 (Fla. 1984). The supreme court explained its decision as follows:
The resolution of a coverage issue concerning an alleged insured and insurer clearly does not determine the issue of liability in favor of a party seeking relief... . The thrust of rule 9.130 is to restrict the number of appealable non-final orders. The theory underlying the more restrictive rule is that appellate review of non-final judgments serves to waste court resources and needlessly delays final judgment.
Id. at 960-61. In our view, the Bruns court made a judicial economy based policy determination that an order deciding a coverage issue could not be appealed until a final judgment of liability had been reached. This policy determination similarly controls this case. Indeed, although Bruns concerned an appeal of a non-final order, if a remedy by certiorari had been available, the supreme court would have treated the appeal as a petition for certiorari in accordance with Rule 9.040(c).[4] Indeed, one may fairly conclude that the court considered and rejected the possibility of review by certiorari, because the Fourth District said as much when it reviewed the case. Travelers Ins. Co. v. Bruns, 429 So.2d 317 (Fla. 4th DCA 1982). The supreme court approved the decision of the district court. Bruns, 443 So.2d at 961. Denial of certiorari is also consistent with prior decisions of this court. See Dairyland Ins. Co. v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971) (denied certiorari review of interlocutory order finding petitioner, a named defendant in damages suit, legally bound to afford coverage to its insured because until judgment is rendered against petitioner or its insured, no injury will be suffered by petitioner); Sapp v. LaViolette, 242 So.2d 483 (Fla. 1st DCA 1970) (legal effect of order was partial summary judgment against defendant insurance company limiting extent of liability to that provided under policy; order was thus interlocutory in character and could be reviewed only by interlocutory appeal or by direct appeal from final judgment and not by certiorari).
Canal relies, however, on Sunshine Dodge, Inc. v. Ketchem in arguing that this court may review, through a petition for certiorari, a disputed issue of insurance coverage. 445 So.2d 395 (Fla. 5th DCA 1984), overruled on other grounds, Maryland Casualty Co. v. Reliance Ins. Co., 478 So.2d 1068 (Fla. 1985). The Sunshine case concerned a suit by injured parties, the Ketchems, against the driver of a leased automobile, the lessee, the lessee's insurer, and the lessor, Sunshine. 445 So.2d at 396. The lessee cross-claimed against Sunshine, alleging that Sunshine was obligated to defend the action on behalf of the driver, lessee, and lessee's insurer, and to indemnify them up to the limits of the policy referred to in the lease agreement. Id. The trial court entered summary judgment against Sunshine on the indemnification claim and Sunshine appealed. Id. The court cited Bruns in reaching its decision to treat the appeal as a petition for writ of certiorari:
Based on the recent Florida Supreme Court case of Travelers Ins. Co. v. Bruns, 443 So.2d 959 (Fla. 1984), we recognize that a trial court's determination of a disputed issue of coverage which precedes a determination of liability owing to the claimant ... cannot serve as the basis for a plenary appeal under Rule 9.100 or for an appeal of a non-final order under [Rule] 9.130(a)(3)(C)(iv). We therefore treat this application as a petition for writ of certiorari.
*1088 Sunshine, 445 So.2d at 396. After discussing the law applicable to the circumstances of the case, the court determined that the partial summary judgment did not depart from the essential requirements of law and denied the petition for certiorari. Id. at 397. Therefore, although the Sunshine court denied certiorari, Canal argues that this court should grant certiorari because the Sunshine court treated the appeal as a petition for certiorari and the case involved an insurance company required to defend its insured pursuant to a lower court's determination, preceding a finding of liability, that the insurance company was required to defend and indemnify the plaintiffs. Support for this argument may be found in subsequent cases decided by the Fifth District Court of Appeal. See State Auto. Mut. Ins. Co. v. Quarles, 560 So.2d 358 (Fla. 5th DCA 1990); Florida Ins. Guar. Ass'n v. Sechler, 478 So.2d 365 (Fla. 5th DCA 1985); Dixie Ins. Co. v. Beaudette, 474 So.2d 1264 (Fla. 5th DCA 1985). We note conflict with these Fifth District cases and adhere to the reasoning of the supreme court and its policy preference not to allow piecemeal review. Granting certiorari in a case such as this would create an exception that would not only swallow the judicial economy rule announced in Bruns, but would also ignore the implicit rejection of certiorari jurisdiction by the supreme court in that case.[5]
This court's decision in BE & K v. Seminole Kraft Corp. supports the position we have taken here. 583 So.2d 361 (Fla. 1st DCA 1991). In that case, the court considered the review of a non-final order granting partial summary judgment on a third-party claim and finding a property owner entitled to indemnification from a contractor if the owner and contractor were found jointly negligent for the plaintiff's injury. Id. at 362-63. BE & K attempted to seek review of the order under Rule 9.100 as a petition for common law certiorari or under Rule 9.130. Id. at 362. The court denied certiorari because BE & K had not shown that the partial summary judgment could not be remedied on appeal from a final judgment after a determination of the existence and scope of the property owner's liability to the plaintiffs:
The only prejudice argued by BE & K is that it will be wrongfully deprived of the right to raise whether the indemnity agreement complies with section 725.06, a defensive issue that presumably was considered by the trial court before it entered summary judgment. But whether the court erroneously failed to consider that defense, or whether it has erred in rejecting that defense can be adequately rectified upon appeal from final judgment, if one is ever entered against BE & K on the indemnity agreement.
Id. at 365.
The BE & K court also dismissed the appeal under Rule 9.130, finding that the order at issue did not constitute the type of order granting affirmative relief that falls within the meaning of the rule. Id. at 363; see U.S. Fidelity & Guar. Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982) (order determining amount of uninsured motorist coverage under two insurance policies and entered on joint motion for summary judgment before determination of liability issue was not type of non-final order reviewable under 9.130); Ogur v. Mogel, 390 So.2d 105 (Fla. 3d DCA 1980) (order entered on summary judgment determining order of application of liability insurance coverage in satisfaction of any judgment that plaintiff may obtain against defendants did not determine an "issue of liability" and was not appealable non-final order under 9.130). The court discussed Bruns and applied its reasoning together with that of Sloan and Ogur in deciding that the order "does not determine an *1089 issue of liability because the liability of BE & K is nonexistent unless and until Seminole Kraft is determined to be jointly liable to the [plaintiffs]." BE & K, 583 So.2d at 364. As we explained:
Just as liability after determining that coverage exists remains conditional on a judgment against the insured, so also is the determination that a right of indemnity may exist in this case conditional upon a determination of Seminole Kraft's ultimate liability to the [plaintiffs]. Hence, in neither case does the partial summary judgment determine `the issue of liability in favor of a party seeking affirmative relief.'
Id. The court went on to discuss Bruns:
The supreme court in [Bruns] emphasized that the purpose of rule 9.130 is to limit review of non-final orders to prevent the waste of judicial resources, a consideration that becomes even more compelling as the case filings in the appellate courts of this state continue to increase at an incredible rate. Piecemeal review of non-final orders prior to final disposition of all issues must be strictly limited as much as possible to conserve the sparse judicial resources available at the appellate level. This is especially true of non-final orders awarding conditional affirmative relief that may never result in a final judgment against the defendant.
Id. Finally, the court distinguished the case relied upon by BE & K, Insurance Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990), because that case involved "a ruling for the insured on a dispute over the insurer's duty to defend." Id.
In Querns, the trial court granted summary judgment in favor of the insured in a declaratory judgment action brought by the insured against his insurer, INA, and determined that INA had a duty to defend in a separate personal injury action brought against the insured by a third party. 562 So.2d at 366. In finding the order appealable, the Querns court distinguished Bruns as the order in that case determined only the question of coverage whereas the affirmative relief ordered against INA, i.e., providing a defense for its insured, constituted the precise affirmative relief sought by the insured. Id. As explained by the BE & K court, the Querns court further commented that "the determination of coverage in Bruns was not the same as the determination of liability under such coverage and thus differed from the duty to defend." BE & K, 583 So.2d at 365. The BE & K court recognized that this constituted a "clear and valid" distinction between the two cases, but declined to endorse the views of the Querns court. Id.
We also recognize the existence of authority suggesting a plenary appeal is available to an insurer in analogous circumstances. In Georgia American Insurance Co. v. Rios, the Second District allowed an insurer to appeal after an insured/tortfeasor established bad faith against the insurer, Georgia American, in a third-party action, but before the injured plaintiff recovered any judgment against the tortfeasor. 491 So.2d 1290 (Fla. 2d DCA 1986). The court reasoned:
Since the judgment provides that Georgia American is obligated to pay any judgment for damages that may hereafter be determined to be due from Kennedy to Rios, there is no further order to be entered with respect to Georgia American. Therefore, Georgia American must now appeal or pay any judgment finally entered against Kennedy. If Rios were to obtain a judgment against the defendants and Georgia American failed to pay it, her remedy would be an action for breach of contract.
* * * * * *
The posture of this case is analogous to a situation in which the plaintiff sues the defendant for damages and because the defendant's insurance coverage is in dispute, the defendant and his insurer litigate the question of coverage in a separate suit for declaratory judgment. If the insurer suffers an adverse judgment on the question of coverage, it must necessarily appeal that judgment rather than trying to raise the coverage issue in a later appeal from a judgment which might be entered against its insured in the primary action. The result in the instant case would have been otherwise had the parties stipulated that if a judgment were entered against the defendants, the court would also enter a *1090 judgment against Georgia American. In that event, there would remain some action to be taken in the case with respect to the insurance company, and the earlier judgment would be the equivalent of the summary judgment on coverage entered in the Bruns case.
Id. at 1291-1292.
In a later decision, the Second District purported to rely upon Rios to hold that a lower court's declaratory judgment order regarding an insurer's duty to defend was within the appellate court's jurisdiction under Rule 9.130. See Querns, 562 So.2d at 366. Frankly, such reliance is perplexing because the Rios court expressly distinguished that situation from a 9.130 appeal, in which case Bruns would have controlled: "[T]he judgment entered in this case is a final judgment from which a plenary appeal may be taken." Rios, 491 So.2d at 1291.
In this case, we decline to apply an exception to the policy decision made by the supreme court in Bruns and adhered to by this court in BE & K. The burden of defending after an adverse coverage determination is a financial one, similar to that resulting from other non-appealable interlocutory orders, e.g., denial of a motion to dismiss. See e.g., Agency Rent-A-Car v. Braverman, 480 So.2d 121, 122 (Fla. 4th DCA 1985) ("Avoidance of the expense and difficulty of an unnecessary trial is an insufficient reason for granting certiorari."). As we understand the reasoning in Bruns, regardless of whether the question is phrased in terms of coverage, duty to defend, or liability, no opportunity for appellate review arises until a final judgment has been entered against the insured in the underlying action. The result in Rios, occasioned in large part by the rather unique posture of the third-party bad faith defendant, should not, in our view, control the question of appellate jurisdiction in the present case concerning a quite prosaic coverage question. Querns may perhaps be distinguished as involving a separate lawsuit on the issue of duty to defend.[6] In Querns, unlike the present case, the insurance company was a party only to a completely separate suit on the question of duty to defend, and would have had no opportunity to appeal from an eventual final judgment in the separate personal injury case. We hasten to note our understanding that although Canal will not be on the verdict form presented to the jury in the dispute between York and Reed, Canal nonetheless retains its status as a party in this lawsuit. If York recovers money damages against Reed, the final judgment should provide for Canal's obligation to pay, therefore assuring Canal's ability and right to appeal such final judgment and to raise in such an appeal the question of coverage. To the extent Querns may not be distinguished, we are bound by our decision in BE & K.
We DENY the petition for certiorari and GRANT the motion to dismiss the appeal. Nevertheless, we certify the following question to the supreme court as one of great public importance:
WHEN AN INSURANCE COVERAGE ISSUE HAS BEEN DECIDED IN A THIRD PARTY DECLARATORY JUDGMENT ACTION BETWEEN AN INSURER AND ITS INSURED, PRIOR TO A FINAL DETERMINATION OF LIABILITY IN THE UNDERLYING ACTION, AND, AS A RESULT, THE INSURER MUST PROVIDE LIABILITY COVERAGE FOR THE INSURED IN THE UNDERLYING ACTION, MAY THE INSURER SEEK IMMEDIATE REVIEW OF THE ORDER ENTERED IN THE DECLARATORY JUDGMENT ACTION AND, IF SO, WHAT CONSTITUTES THE PROPER AVENUE OF REVIEW: PETITION FOR WRIT OF *1091 CERTIORARI, APPEAL OF A NON-FINAL ORDER PURSUANT TO RULE 9.130, OR APPEAL OF A FINAL ORDER?
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] This rule is entitled "Proceedings to Review Non-final Orders."
[2] The exclusion provides: "This insurance does not apply ... to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury... ."
[3] Rule 9.130(a)(3) provides:

Review of non-final orders of lower tribunals is limited to those that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;
(iii) the right to immediate monetary relief or child custody in domestic relations matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(v) the entitlement of a party to arbitration;
(vi) that a party is not entitled to workers' compensation immunity as a matter of law; or
(vii) that a class should be certified;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
[4] Rule 9.040(c) provides: "If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy." See, e.g., Johnson v. Citizens State Bank, 537 So.2d 96, 97 (Fla. 1989) ("There is no question that an appellate court has jurisdiction to review a cause even though the form of appellate relief is mischaracterized."); Thomson, Bohrer, Werth & Razook, 561 So.2d 1192 (Fla. 3d DCA 1990); Pearce v. Parsons, 414 So.2d 296 (Fla. 2d DCA 1982).
[5] We respectfully question the Sunshine court's rationale in one other respect. That court failed to discuss the primary jurisdictional basis for common law certiorari, i.e., an errant ruling that may not be remedied on plenary appeal. See Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983); Eyster v. Eyster, 503 So.2d 340, 342 (Fla. 1st DCA 1987) (court may review non-final order by certiorari only if order constitutes departure from essential requirements of law and "may cause material injury through subsequent proceedings for which the remedy by appeal will be inadequate"). Bruns indicates not only that a preliminary coverage determination may be reviewed after a final order, but that it must be so reviewed if it is to be reviewed at all. 443 So.2d at 960-61.
[6] The question vel non of duty to defend is often not distinguishable from the coverage issue. Witness the language of Canal's policy:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use ... of an owned automobile... . [T]he company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient... .
(emphasis added).