ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
Appellants’ July 18,1997 motion is granted as to the request for clarification; the remainder of that motion is denied. This Court’s dismissal of this appeal as an appeal from unappealable, non-final orders is clarified as follows.
The orders appealed entered a partial summary final judgment in favor of appellee insurance company, and denied appellants’ motion for partial summary judgment on the same issue. The partial summary final judgment provides that the amount of money appellee insurance company has to spend on costs and expenses incurred in the defense of its insured, including defense attorney fees, reduces appellee insurance company’s mone *186 tary limit of liability insurance coverage by the amount of those costs and expenses.
Florida Rule of Appellate Procedure 9.110(n) provides for the appeal, under rule 9.110 or 9.130, of “judgments that determine the existence or nonexistence of insurance coverage in eases in which a claim has been made against an insured and coverage thereof is disputed by the insurer.” The orders appealed in this case do not fall within the language of rule 9.110(n) since they do not address the issue of whether appellee must provide coverage, but merely address whether the fees and costs of the defense will come out of the coverage limits if appellee insurance company has to provide such defense and coverage.
Also, the orders are not appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) since they do not determine the issue of liability, nor are they in favor of a party seeking affirmative relief. The two cases cited by appellant for the proposition that the orders are appealable under that rule are not controlling since they pertain to orders determining the duty to defend. See Insurance Co. of N. Am. v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990); West Am. Ins. Co. v. Nixon, 489 So.2d 876 (Fla. 4th DCA 1986).
Finally, the orders are not reviewable under this Court’s certiorari jurisdiction since appellants have not established the predicate for such review: that as a result of the orders, appellants suffered irreparable injury that cannot be corrected on final appeal. See Bared & Co., Inc. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996). If the orders are incorrect, and the fees and costs should not be taken out of the coverage limits, this error can easily be corrected on final appeal. The cases cited by appellants in favor of certiorari review are distinguishable since they involved summary judgments actually determining the existence of insurance coverage. See Florida Ins. Guar. Ass’n n Sechler, 478 So.2d 365 (Fla. 5th DCA 1985); Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984), disapproved on other grounds sub nom., Maryland Cas. Co. v. Reliance Ins. Co., 478 So.2d 1068 (Fla.1985).
STONE, C.J., and POLEN and FARMER, JJ., concur.